# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| IN RE MISSION HEALTH ANTITRUST LITIGATION | No.: 1:22-cv-00114-MR<br><br>JURY TRIAL DEMANDED |

## HCA DEFENDANTS' ANSWER TO THE CONSOLIDATED CLASS ACTION COMPLAINT

NOW COMES HCA Healthcare, Inc., HCA Management Services, LP, HCA, Inc., MH Hospital Manager, LLC, MH Master Holdings, LLLP, and MH Mission Hospital LLLP (collectively, "Answering Defendants"), by and through undersigned counsel, to respond to Plaintiffs' Consolidated Class Action Complaint (the "Complaint"). Answering Defendants respond to the Complaint as follows.

The Complaint sets forth allegations against the Answering Defendants writ large, many of which are corporate entities that do not own or operate any hospital facilities.

## GENERAL DENIAL

Answering Defendants deny any and all liability under Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2.

Any allegations in the Complaint that state a legal conclusion do not require a response and, to the extent any response is required, Answering Defendants deny

the allegations.

Answering Defendants deny any averments in the Complaint's headings, subheadings, unnumbered paragraphs, and footnotes.

Any allegation that is not specifically admitted below is hereby denied.

## STATEMENT WITH RESPECT TO PUBLICLY AVAILABLE AND THIRD-PARTY DOCUMENTS

The Complaint cites to and purports to quote from a number of publicly available and/or third-party documents. Such documents speak for themselves, and Answering Defendants refer Plaintiffs to those documents for the statements made therein. Answering Defendants did not search for or review those documents to determine whether Plaintiffs correctly quoted or interpreted them, or whether the information contained in them is accurate.

## SPECIFIC RESPONSES

**ANSWER TO THE INTRODUCTION**: Answering Defendants admit that the Plaintiffs in this action are the City of Brevard, North Carolina, Buncombe County, North Carolina, City of Asheville, North Carolina, and Madison County, North Carolina, and that they purport to bring claims on behalf of similarly situated individuals, and that they have filed the Complaint, which speaks for itself. Answering Defendants deny all other allegations in the introduction.

1.      Answering Defendants admit that Plaintiffs purport to bring class action claims pursuant to Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C.

§§ 1 and 2, and seek damages and injunctive and equitable relief. Answering Defendants deny all other allegations in Paragraph 1.

2. Answering Defendants admit that Brevard and Asheville are North Carolina municipalities and that Buncombe and Madison are North Carolina counties. Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs operate self-funded health insurance plans for their employees and their families, and on that basis deny those allegations, except admit that Plaintiffs directly pay one or more Defendant(s) for health care for their insureds. Answering Defendants deny all other allegations in Paragraph 2 as they relate to Answering Defendants.

3. Answering Defendants admit that Plaintiffs purport to seek to represent a class of North Carolina health insurance plans, including self-funded and commercial insurers, each of which paid directly to one or more Defendant(s) on behalf of their insureds for health care services in the relevant markets alleged herein. Answering Defendants deny all other allegations in Paragraph 3 as they relate to Answering Defendants.

4. Answer Defendants deny all allegations in Paragraph 4 as they relate to Answering Defendants, except admit that one or more affiliates of HCA Healthcare, Inc. provides inpatient general acute care ("GAC") and one or more affiliates of HCA Healthcare, Inc. provides outpatient care encompassing all medical services

that are not GAC Services.

5.    Paragraph 5 purports to characterize Defendants as "dominat[ing] the Relevant Services Market in at least two geographic areas" without context or source information.  Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff has cited the data accurately or completely in light of all relevant context, or as to the accuracy of the data itself, and on that basis deny those allegations.  Answering Defendants deny all other allegations in Paragraph 5 as they relate to Answering Defendants.

6.    Paragraph 6 concerns allegations prior to the Acquisition.[1]  Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and on that basis deny the allegations.

7.    Paragraph 7 asserts legal conclusions that "the COPA is a form of regulation in which a hospital is permitted to operate as a monopoly in exchange for subjecting itself to state oversight," and that "from 1995 until 2016, Mission was immunized from antirust liability by a state statute," to which no response is required.  To the extent a response is required, Answering Defendants deny those

---

[1] In January 2019 MH Master Holdings, LLLP and its affiliates acquired the assets of Mission Health System, Inc., Mission Hospital, Inc., Mission Medical Associates, Inc., Mission Imaging Services, LLC, Blue Ridge Regional Hospital, Inc., Transylvania Community Hospital Inc., Angel Medical Center, Inc., MSJHS and CCP Joint Development Company, LLC d/b/a Asheville Specialty Hospital, The McDowell Hospital, Inc., Community CarePartners, Inc., Highlands-Cashiers Hospital, Inc., WNC CareSource, LLC, Avenu Health, Inc., McDowell Hospital Imaging Services, LLC, Transylvania Physician Services, Inc., Transylvania Services, Inc., Transylvania Hospital Imaging Services, LLC, Highlands-Cashiers Physician Services, Inc., and The Eckerd Living Center LLC (hereafter, the "Acquisition").

allegations. The remainder of Paragraph 7 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 7, and on that basis deny those allegations.

8. Paragraph 8 asserts a legal conclusion that "Mission and HCA Healthcare, Inc. (the parent company of the subsequent purchaser of Mission's assets) lost any immunity from suit under the Sherman Act" after the COPA's repeal, to which no response is required. To the extent a response is required, Answering Defendants deny that allegation. The remainder of Paragraph 8 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 8, and on that basis deny those allegations.

9. Answering Defendants lack knowledge or information sufficient to form a belief as to whether HCA is "one of the world's largest for-profit hospital chains," and on that basis deny this allegation. Answering Defendants deny all other allegations in Paragraph 9, except admit (a) the Acquisition occurred in 2019; (b) the Federal Trade Commission has, from time to time, reviewed transactions involving one or more affiliates of HCA Healthcare, Inc. under Section 7 and/or Section 7A of the Clayton Act; (c) HCA owns over 180 hospitals.

10. Answering Defendants lack knowledge or information sufficient to

form a belief as to whether "[t]he commercial insurers and self-funded payors . . . that comprise the proposed Class, at all times relevant to this Complaint, had no choice but to include Mission's hospital system in the GAC Market in their insurance networks. There is no practical alternative for these services in this region," and on that basis deny those allegations. Paragraph 10 also purports to cite market share data from an unidentified source. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the statements accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 10 as they relate to Answering Defendants.

11.     Paragraph 11 asserts a legal conclusion that "HCA also enjoys monopoly power in the GAC Market in the Outlying Region," to which no response is required. To the extent a response is required, Answering Defendants deny that allegation. Paragraph 11 also purports to cite market share data from an unidentified source. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the data accurately or completely in light of all relevant context, or as to the accuracy of the data itself, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 11 as they relate to Answering Defendants.

12.     Paragraph 12 concerns allegations prior to the Acquisition. Answering

Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 12 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

13. Paragraph 13 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 13 as they relate to Answering Defendants.

14. Paragraph 14 asserts legal conclusions regarding "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants deny all other allegations in Paragraph 14 as they relate to Answering Defendants.

15. Paragraph 15 asserts legal conclusions regarding "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants deny all other allegations in Paragraph 15 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as

pleaded in the Complaint in violation of federal antitrust law.

16.     Paragraph 16 asserts legal conclusions regarding "monopoly power," to which no response is required.  To the extent a response is required, Answering Defendants deny those allegations.  Answering Defendants deny all other allegations in Paragraph 16 as they relate to Answering Defendants.  Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

17.     Paragraph 17 asserts legal conclusions regarding "monopoly power," to which no response is required.  To the extent a response is required, Answering Defendants deny those allegations.  Answering Defendants deny all other allegations in Paragraph 17 as they relate to Answering Defendants.  Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

18.     Paragraph 18 asserts legal conclusions regarding "monopoly power," to which no response is required.  To the extent a response is required, Answering Defendants deny those allegations.  Answering Defendants deny all other allegations in Paragraph 18 as they relate to Answering Defendants.  Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

19.     Answering Defendants deny all allegations in Paragraph 19 as they

relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

20. Paragraph 20 purports to quote statements an unidentified "HCA" entity allegedly made to the "Florida Agency for Health Care Administration" in 2018. Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs cited the statements purportedly attributable to the unidentified "HCA" entity accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 20.

21. Paragraph 21 purports to cite to a CMS webpage. Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff has cited the webpage accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 21 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

22. Answering Defendants deny all allegations in Paragraph 22 as they relate to Answering Defendants.

23.     Answering Defendants lack knowledge or information sufficient to form a belief as to whether Western North Carolina is "traditionally a destination for many, including retirees from across the nation, in part because of its prior reputation for high-quality, low-cost healthcare," and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 23 as they relate to Answering Defendants, except admit Plaintiffs purport to bring a suit for "damages and equitable relief to enjoin the continuation of HCA's unlawful conduct."

24.     Answering Defendants admit that the City of Brevard is a city in Transylvania County, North Carolina, but lack knowledge or information sufficient to form a belief as to whether its population was 7,609 as of the 2010 Census, and on that basis deny that allegation.  Answering Defendants admit that Brevard is the county seat of Transylvania County.  Answering Defendants lack knowledge or information sufficient to form a belief as to whether Brevard has become a tourist, retirement, and cultural center, employs approximately 100 people, or whether the city has a self-funded health plan for its employees and their families, and on that basis deny those allegations.  Answering Defendants admit that Brevard brought this lawsuit but deny all other allegations in Paragraph 24 as they relate to Answering Defendants.

25.     Answering Defendants admit that Buncombe is a county in Western North Carolina, but lack knowledge or information sufficient to form a belief as to

whether its population was 269,452 as of the 2020 Census, and on that basis deny that allegation. Answering Defendants admit that within Buncombe are parts of the Blue Ridge Parkway, Pisgah National Forest, and Nantahala National Forest. Answering Defendants lack knowledge or information sufficient to form a belief as to the health plans Buncombe offers to its employees and their families, how long it has provided health plans, and the number of employees and individuals covered under Buncombe health plans, and on that basis deny those allegations. Answering Defendants admit that Buncombe brought this lawsuit but deny all other allegations in Paragraph 25 as they relate to Answering Defendants.

26. Answering Defendants admit that the Asheville is a city in Buncombe County, North Carolina, but lack knowledge or information sufficient to form a belief as to whether its population was 94,589 as of the 2020 Census, and on that basis deny that allegation. Answering Defendants admit that Brevard is the county seat of Buncombe County. Answering Defendants lack knowledge or information sufficient to form a belief as to whether Asheville is the eleventh most populous city in North Carolina out of 532 incorporated municipalities, has had or continues to have a self-funded health plan for its employees and their families, and whether the plan covers 1,122 active Asheville employees, and on that basis deny those allegations. Answering Defendants admit that Asheville brought this lawsuit but deny all other allegations in Paragraph 26 as they relate to Answering Defendants.

27.     Answering Defendants admit that the Madison is a county in Western North Carolina, but lack knowledge or information sufficient to form a belief as to whether its population was 21,193 as of the 2020 Census, and on that basis deny that allegation. Answering Defendants admit that part of the Great Smoky Mountains National Park is included within Madison. Answering Defendants lack knowledge or information sufficient to form a belief as to whether Madison has had or continues to have a self-funded health plan for its employees and their families, or the number of employees and individuals that plan may cover, and on that basis deny those allegations. Answering Defendants admit that Madison brought this lawsuit but deny all other allegations in Paragraph 27 as they relate to Answering Defendants.

28.     Answering Defendants admit the allegations in Paragraph 28.

29.     Answering Defendants admit that MH Master Holdings, LLLP is listed as a buyer in the Amended Asset Purchase Agreement ("Amended APA"), but deny that Plaintiffs have accurately or completely in light of all relevant context categorized the Acquisition or the relationship between MH Master Holdings, LLLP and HCA Healthcare, Inc.

30.     Answering Defendants deny all allegations in Paragraph 30, except admit that (a) HCA Healthcare, Inc. is a publicly held company, (b) HCA Healthcare, Inc. is registered with the Securities and Exchange Commission ("SEC"), and (c) the Federal Trade Commission and/or the Department of Justice has, from time to time,

reviewed transactions involving one or more affiliates of HCA Healthcare, Inc. under Section 7 and/or Section 7A of the Clayton Act.

31. Paragraph 31 purports to cite to the case captioned *Davis, et al. v. HCA Healthcare, Inc. et al.*, No. 21-CV-03276 (N.C. Super. Ct.), which speaks for itself. To the extent a response is required, Answering Defendants deny that Plaintiffs have described the allegations in that case accurately or completely in light of all relevant context, except admit that Answering Defendants are "defendants in a class-action lawsuit filed in the Superior Court of North Carolina, Buncombe County, on August 10, 2021, brought by a proposed class of insured residents in Western North Carolina." Answering Defendants lack knowledge or information sufficient to form a belief as to whether the "proposed Class of health plans here does not include class members from the *Davis* lawsuit," and on that basis deny those allegations.

32. Answering Defendants lack knowledge or information sufficient to form a belief as to whether HCA is "the world's largest for-profit hospital chain," and on that basis deny that allegation. Answering Defendants admit that HCA Healthcare, Inc. owns over 180 hospitals and all other allegations in Paragraph 32.

33. Answering Defendants admit the allegations in Paragraph 33.

34. Answering Defendants admit the allegations in Paragraph 34.

35. Paragraph 35 contains allegations purporting to describe a nondisclosure agreement, a confidentiality agreement, an August 2018 Asset

Purchase Agreement (the "APA") and the Amended APA, which speak for themselves. To the extent a response is required, Answering Defendants deny that Plaintiffs have described any agreement accurately or completely in light of all relevant context and on that basis deny those allegations, except admit that a confidentiality and nondisclosure agreement was entered into in July 2017, the APA was entered into in August 2018, and the Amended APA was entered into in January 2019.

36. Answering Defendants admit the allegations in Paragraph 36.

37. Answering Defendants deny all allegations in Paragraph 37, except admit that (a) HCA, Inc. is a plan sponsor of a defined contribution plan established January 1, 1983, (b) HCA, Inc. is the sponsor of the HCA 401(k) Plan with employer identification number 75-2497104, and (c) that it had a total number of participants of 387,421 as of 2019.

38. Answering Defendants deny that MH Master Holdings, LLLP filed its most recent annual report with the North Carolina Secretary of State, Department of Corporations on or about April 6, 2021. Answering Defendants admit all other allegations in Paragraph 38.

39. Paragraph 39 purports to cite the Amended APA, which speaks for itself. To the extent a response is required, Answering Defendants deny that Plaintiffs have cited the Amended APA accurately or completely in light of all

relevant context.

40.     Paragraph 40 purports to cite a "corporate bio" used in unidentified "HCA NC" press releases.  Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the unidentified press releases accurately or completely in light of all relevant context, and on that basis deny those allegations.   Answering Defendants deny all other allegations in Paragraph 40.

41.     Paragraph 41 purports to cite unidentified job postings.  Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the job postings accurately or completely in light of all relevant context, and on that basis deny those allegations.  Answering Defendants deny all other allegations in Paragraph 41.

42.     Paragraph 42 purports to cite unidentified public website content. Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the unidentified website content accurately or completely in light of all relevant context, and on that basis deny the allegations.

43.     Paragraph 43 purports to cite unidentified press releases.  Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the press releases accurately or completely in light of all relevant context, and on that basis deny the allegations, except admit that Greg Lowe resides

in North Carolina and has been President of the North Carolina Division of HCA Healthcare, Inc. since 2019.

44.     Answering Defendants admit the allegations in Paragraph 44.

45.     Paragraph 45 purports to cite an annual report dated April 6, 2021, which speaks for itself.  To the extent a response is required, Answering Defendants deny that Plaintiffs have cited the annual report accurately or completely in light of all relevant context, and on that basis deny the allegations, except admit that MH Hospital Manager, LLC applied for a certificate of authority to do business in North Carolina on August 22, 2018.

46.     Paragraph 46 purports to cite an assumed name certificate dated April 22, 2019, filed with the Buncombe County Register of Deeds, which speaks for itself.  To the extent a response is required, Answering Defendants deny that Plaintiffs have cited the assumed name certificate accurately or completely in light of all relevant context, and on that basis deny the allegation, except admit that MH Hospital Manager, LLC uses the assumed business name "North Carolina Division."

47.     Answering Defendants admit the allegations in Paragraph 47.

48.     Paragraph 48 purports to cite unidentified sources for the proposition that Chad Patrick is Chief Executive Officer of "HCA Healthcare's North Carolina Division's flagship 763-bed Mission Hospital."   Answering Defendants lack knowledge of information sufficient to form a belief as to whether Plaintiffs have

cited the sources accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 48, except admit that (a) Chad Patrick became Chief Executive Officer in July 2019 and (b) Chad Patrick is employed by one or more affiliates of HCA Healthcare, Inc.

49. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and on that basis deny those allegations.

50. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and on that basis deny those allegations.

51. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis deny those allegations.

52. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis deny those allegations.

53. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis deny those allegations.

54.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and on that basis deny those allegations.

55.     Paragraph 55 purports to quote and paraphrase portions of the Amended APA, which speaks for itself.  To the extent a response is required, Answering Defendants deny that Plaintiffs have described the Amended APA accurately or completely in light of all relevant context.  Answering Defendants deny all other allegations in Paragraph 55, except admit that (a) ANC Healthcare, Inc. f/k/a Mission Health System, Inc. and Mission Hospital, Inc. are each identified as sellers under the Amended APA, and (b) Section 2.4 of the Amended APA pertains to "Liabilities related to the ownership or operation of the Business or the Purchased Assets prior to the Effective Time."

56.     Paragraph 56 purports to quote portions of the Amended APA, which speaks for itself.  To the extent a response is required, Answering Defendants deny that Plaintiffs have described the Amended APA accurately or completely in light of all relevant context, except admit that Section 4.11 of the Amended APA pertains to "Compliance with Laws."  Answering Defendants deny all other allegations in Paragraph 56 as they relate to Answering Defendants.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 56, and on that basis deny those allegations.

57. Paragraph 57 asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations, except admit that the Complaint purports to assert claims pursuant to Section 1 and 2 of the Sherman Act.

58. Paragraph 58 asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the allegations, except admit that one or more affiliates of HCA Healthcare, Inc. own and operate hospital facilities in the State of North Carolina.

59. Paragraph 59 asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and on that basis deny the allegations, except admit that Plaintiffs purport to bring claims in the Western District of North Carolina.

60. Paragraph 60 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and on that basis deny the allegations.

61. Paragraph 61 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 61, and on that basis deny the allegations.

62.    Paragraph 62 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and on that basis deny the allegations.

63.    Paragraph 63 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and on that basis deny the allegations.

64.    Paragraph 64 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and on that basis deny the allegations.

65.    Paragraph 65 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and on that basis deny the allegations.

66.    Paragraph 66 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and on that basis deny the allegations.

67.    Paragraph 67 states a legal conclusion as to the conduct that the COPA supposedly acknowledged as lawful and unlawful, to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and on that

basis deny that allegation. The remainder of Paragraph 67 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and on that basis deny those allegations.

68.     Paragraph 68 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and on that basis deny the allegations.

69.     Paragraph 69 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and on that basis deny the allegations.

70.     Paragraph 70 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and on that basis deny the allegations.

71.     Paragraph 71 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 71 to the extent they pertain to after the Acquisition.

72.     Paragraph 72 purports to describe a statement from an unidentified "HCA" entity about an unidentified "health care system in Florida that an 85% share

is sufficient to confer monopoly power." Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have described the unsourced quote accurately or completely in light of all relevant context, and on that basis deny those allegations. The remainder of Paragraph 72 concern allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny those allegations.

73. Paragraph 73 asserts a legal conclusion that after COPA was repealed, "the North Carolina government no longer exercised any direct regulatory authority over the prices that Mission could charge," to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, and on that basis deny that allegation. Paragraph 73 also concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 73, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 73 to the extent they pertain to after the Acquisition.

74. Paragraph 74 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and on that basis deny those allegations,

except admit that (a) employees of one or more affiliates of HCA Healthcare, Inc. had meetings about the Acquisition, and (b) HCA Healthcare, Inc. is a holding company whose affiliates own and operate hospitals in several states.

75.     Answering Defendants deny all allegations in Paragraph 75, except admit that HCA Healthcare, Inc. announced the Acquisition on March 21, 2018.

76.     Answering Defendants deny all allegations in Paragraph 76, except admit that (a) the APA was executed on August 30, 2018, (b) the Amended APA was executed in January 2019, and (c) the purchase price was $1.5 billion.

77.     Paragraph 77 purports to cite the APA, which speaks for itself.  To the extent a response is required, Answering Defendants deny that Plaintiffs have cited the Amended APA accurately or completely in light of all relevant context, and on that basis deny the allegations, except admit that the Amended APA was executed in January 2019.

78.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and on that basis deny the allegations.

79.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and on that basis deny the allegations.

80.     Answering Defendants lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 80, and on that basis deny the allegations.

81.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and on that basis deny the allegations.

82.     Paragraph 82 asserts legal conclusions regarding the supposed features of a "competitive market" and "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 82, and on that basis deny those allegations.

83.     Paragraph 83 asserts legal conclusions regarding "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 83, and on that basis deny those allegations.

84.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and on that basis deny the allegations.

85.     Paragraph 85 asserts legal conclusions regarding "anticompetitive behavior," to which no response is required.  To the extent a response is required, Answering Defendants deny those allegations.  Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 85, and on that basis deny those allegations.

86.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and on that basis deny the allegations.

87.     Paragraph 87 purports to cite to an April 11, 2018 HCA Certificate of Need Application, which speaks for itself.  To the extent a response is required, Answering Defendants deny that Plaintiffs have cited the document accurately or completely in light of all relevant context.  Paragraph 87 also asserts legal conclusions regarding "monopoly power," to which no response is required.  To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 87, and on that basis deny those allegations.

88.     Paragraph 88 asserts legal conclusions regarding "monopoly power," to which no response is required.  To the extent a response is required, Answering Defendants deny those allegations.  Answering Defendants deny that they have

agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 88, and on that basis deny those allegations.

89. Paragraph 89 asserts legal conclusions regarding "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 89, and on that basis deny those allegations.

90. Paragraph 90 asserts legal conclusions regarding "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 90, and on that basis deny those allegations. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

91. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and on that basis deny

the allegations.

92.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and on that basis deny the allegations, except admit that one or more affiliates of HCA Healthcare, Inc., from time to time, have negotiated with insurers for coverage of various acute inpatient services in North Carolina.

93.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and on that basis deny the allegations, except admit that one or more affiliates of HCA Healthcare, Inc., from time to time, have negotiated with insurers for coverage of outpatient services in North Carolina.

94.     Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and on that basis deny the allegations, except admit that one or more affiliates of HCA Healthcare, Inc., from time to time, have negotiated with insurers for coverage of outpatient services in North Carolina.

95.     Paragraph 95 purports to rely upon information from unidentified "academic and government regulatory literature on health care." Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the data accurately or completely in light of all relevant

context, or as to the accuracy of the data itself, and on that basis deny those allegations. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 95, and on that basis deny the allegations.

96. Paragraph 96 asserts legal conclusions regarding what satisfies the SSNIP test, to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 96, and on that basis deny the allegations.

97. Answering Defendants deny the allegations in Paragraph 97, except admit that the Complaint purports to define geographic markets and that one of more affiliates of HCA Healthcare, Inc. provides GAC and/or Outpatient Services in the purported Relevant Geographic Markets. Answering Defendants deny that Plaintiffs' geographic markets are properly defined and, therefore, relevant to this action.

98. Answering Defendants lack knowledge or information sufficient to form a belief as to whether "[e]ach geographic market definition below meets the SSNIP test: each market is an area in which a hypothetical monopoly provider of GAC Services and/or Outpatient Services in each of the Relevant Geographic Markets would profitably raise its prices above competitive levels by at least a small

but significant non-transitory amount (i.e. at least 5%)," and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 98 as they relate to Answering Defendants, except admit that the Complaint purports to define geographic markets.

99. Answering Defendants deny "Buncombe and Madison Counties (together the "Asheville Region") are one relevant geographic market." Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 99, and on that basis deny the allegations, except admit that (a) the Complaint purports to define markets for medical services in Buncombe and Madison counties, and (b) one or more affiliates of HCA Healthcare, Inc. provides services through various facilities in North Carolina.

100. Paragraph 100 purports to cite a Mission Hospital Implementation Strategy, which speaks for itself. To the extent a response is required, Answering Defendants deny that Plaintiffs have cited the document accurately or completely in light of all relevant context. The remainder of Paragraph 100 contains allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to those allegations, and on that basis deny those allegations.

101. Paragraph 101 purports to cite the 2020 Census. Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs

accurately or completely cite the source in light of all relevant context, and on that basis deny the allegations.

102. Paragraph 102 purports to cite the 2020 Census. Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs accurately or completely cite the source in light of all relevant context, and on that basis deny the allegations.

103. Answering Defendants lack knowledge or information sufficient to form a belief as to whether there are "reasonable substitutes or alternatives to GAC services in the Asheville Region," and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 103 as they relate to Answering Defendants.

104. Answering Defendants lack knowledge or information sufficient to form a belief as to whether there are "reasonable substitutes or alternatives to Outpatient Services in the Asheville Region from Outpatient Services outside the Asheville Region for health plans and their members" or whether "[p]eople who live and work in the Asheville Region strongly prefer to obtain Outpatient Services in that area," and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 104 as they relate to Answering Defendants.

105. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and on that basis

deny the allegations, except admit that the Complaint purports to define geographic markets. Answering Defendants deny that Plaintiffs' geographic markets are properly defined and, therefore, relevant to this action.

106. Answering Defendants admit that the facilities identified in Paragraph 106 operate in the counties identified.

107. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and on that basis deny the allegations, except admit that one or more affiliates of HCA Healthcare, Inc. operate facilities in and around western North Carolina and face competition for GAC services and outpatient services.

108. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and on that basis deny the allegations, except admit that one or more affiliates of HCA Healthcare, Inc. provide acute trauma care in North Carolina and face competition for acute inpatient hospital services in North Carolina.

109. Answering Defendants lack knowledge or information sufficient to form a belief as to what health plans "can and often do" in "competitive health care markets," or what "distinguishes Outpatient Services from GAC Services," and on that basis deny those allegations. Paragraph 109 also purports to state a legal conclusion about the "actual and potential competition that the facilities in the

Outlying Region face," to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 109 as they relate to Answering Defendants.

110. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and on that basis deny the allegations, except admit that the Complaint purports to define geographic markets.

111. Answering Defendants deny all allegations in Paragraph 111 as they relate to Answering Defendants.

112. Paragraph 112 purports to cite American Hospital Directory data. Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the Directory accurately or completely in light of all relevant context, or as to the accuracy of the data itself, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 112.

113. Paragraph 113 asserts legal conclusions regarding "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants deny all other allegations in Paragraph 113 as they relate to Answering Defendants.

114.   Paragraph 114 purports to cite a June 15, 2022 Certificate of Need application.   Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the report accurately or completely in light of all relevant context, and on that basis deny those allegations.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 114, and on that basis deny those allegations.

115.   Paragraph 115 asserts a legal conclusion, to which no response is required.   To the extent a response is required, Answering Defendants deny those allegations.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 115, and on that basis deny the allegations.

116.   Paragraph 116 purports to cite unidentified "data aggregated from the six Mission hospitals."   Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the data accurately or completely in light of all relevant context, and on that basis deny those allegation. Answering Defendants deny all other allegations in Paragraph 116 as they relate to Answering Defendants.

117.   Answering Defendants deny the allegations in Paragraph 117.

118.   Paragraph 118 asserts legal conclusions regarding "monopoly power," to which no response is required.   To the extent a response is required, Answering

Defendants deny those allegations. Paragraph 118 also concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to those allegations, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 118 as they relate to Answering Defendants.

119. Answering Defendants deny all allegations in Paragraph 119 as they relate to Answering Defendants, except admit that one or more affiliates of HCA Healthcare, Inc. (a) provides GAC Services in Asheville, and (b) from time to time, negotiates with insurers. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Compliant in violation of federal antitrust law.

120. Answering Defendants deny all allegations in Paragraph 120 as they relate to Answering Defendants, except admit that one or more affiliates of HCA Healthcare, Inc. (a) provides GAC Services in Asheville and the Outlying Region, and (b) from time to time, negotiates with insurers. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Compliant in violation of federal antitrust law.

121. Answering Defendants deny all allegations in Paragraph 121 as they relate to Answering Defendants.

122.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, except admit that one or more affiliates of HCA Healthcare, Inc. provides GAC services through Mission Hospital-Asheville.   Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

123.   Paragraph 123 purports to cite to *United States of America, et al. v. The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas Health Care System*, No. 3:16-cv-00311-RJC-DCK, 2019 WL 2767005, 2019-1 Trade Cases P 80,752 (W.D.N.C. April 24, 2019), which speaks for itself.   To the extent a response is required, Answering Defendants deny that Plaintiffs have cited the case accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 123 as they relate to Answering Defendants.   Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

124.   Paragraph 124 purports to reference unidentified cases and HCA contracts.   Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the cases and HCA contracts accurately or completely in light of all relevant context, and on that basis deny those allegations.

Answering Defendants deny all other allegations in Paragraph 124 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

125. Paragraph 125 states legal conclusions regarding "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants deny all other allegations in Paragraph 125 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

126. Paragraph 126 asserts legal conclusions regarding what constitutes "unlawful tying" and "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 126, and on that basis deny those allegations. Answering Defendants deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

127. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and on that basis

deny the allegations. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

128. Paragraph 128 contains allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 128 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

129. Paragraph 129 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny the allegations.

130. Paragraph 130 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny those allegations. Answering Defendants further lack knowledge or information sufficient to form a belief as to whether "a hospital system taking an insurer out of network-especially where the hospital system has such monopoly power-is considered 'go[ing] nuclear,'" and on that basis deny the allegation. Answering Defendants deny all

other allegations in Paragraph 130 as they relate to Answering Defendants.

131. Paragraph 131 asserts legal conclusions regarding "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants deny all allegations in Paragraph 131 as they relate to Answering Defendants.

132. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and on that basis deny the allegations.

133. Paragraph 133 asserts legal conclusions regarding what constitutes a steering arrangement, to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants deny all other allegations in Paragraph 133 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

134. Paragraph 134 purports to cite and rely on statements by former President Trump's Assistant Attorney General for Antitrust and Senator Chuck Grassley. Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the statements accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering

Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 134, and on that basis deny those allegations. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

135.    Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and on that basis deny the allegations. Answering defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal law.

136.    Paragraph 136 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 136 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

137.    Paragraph 137 purports to cite and rely on unidentified "[i]nvestigative reporting." Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the source accurately

or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 137. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal law.

138. Paragraph 138 asserts legal conclusions regarding "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants deny all other allegations in Paragraph 138 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

139. Paragraph 139 purports to cite and summarize 45 C.F.R. § 180.50, which speaks for itself. To the extent a response is required, Answering Defendants deny that Plaintiffs have accurately or completely summarized applicable regulations. Answering Defendants deny all other allegations in Paragraph 139. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

140. Answering Defendants deny all allegations in Paragraph 140 as they relate to Answering Defendants. Answering Defendants further deny that they have

agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

141. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, and on that basis deny the allegations.

142. Answering Defendants deny all allegations in Paragraph 142 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

143. Answering Defendants deny all allegations in Paragraph 143 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

144. Answering Defendants deny all allegations in Paragraph 144 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

145. Answering Defendants deny all allegations in Paragraph 145 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint

in violation of federal antitrust law.

146. Answering Defendants deny the allegations in Paragraph 146 as they relate to Answering Defendants, except admit that (a) Angel Medical Center and Highlands-Cashiers Hospital are located in Macon county, (b) Blue Ridge Regional Hospital is located in Mitchell county, and (c) Transylvania Regional Hospital is located in Transylvania county. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 146, and on that basis deny those allegations. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

147. Paragraph 147 purports to cite market share statistics from an unidentified source. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the data accurately or completely in light of all relevant context, or as to the accuracy of the data itself, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 147. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

148. Paragraph 148 purports to cite market share statistics from an unidentified source. Answering Defendants therefore lack knowledge or

information sufficient to form a belief as to whether Plaintiffs have cited the data accurately or completely in light of all relevant context, or as to the accuracy of the data itself, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 148. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

149. Answering Defendants deny all allegations in Paragraph 149 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

150. Paragraph 150 asserts legal conclusions regarding "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Answering Defendants deny all other allegations in Paragraph 150 as they relate to Answering Defendants. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 150, and on that basis deny those allegations.

151. Answering Defendants deny the allegations in Paragraph 151 as they relate to Answering Defendants. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 151, and on that basis deny those allegations.

152. Answering Defendants lack knowledge of information sufficient to form a belief as to the truth of the allegations in Paragraph 152, and on that basis deny the allegations.

153. Plaintiffs purport to cite from an unidentified RAND analysis. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited that data accurately or completely in light of all relevant context, or as to the accuracy of the RAND data itself, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 153 as they relate to Answering Defendants. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 153, and on that basis deny those allegations.

154. Plaintiffs purport to cite and rely on data from "RAND's most recent analysis," which is otherwise unidentified. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited that data accurately or completely in light of all relevant context, or as to the accuracy of the RAND data itself, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 154 as they relate to Answering Defendants. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 154, and on that basis deny those allegations.

155.    Paragraph 155 purports to quote statements an unidentified "HCA" entity allegedly made in an unidentified "HCA Certificate of Need Application." Answering Defendants lack knowledge or information sufficient to form a belief as to whether the statements purportedly attributable to the unidentified "HCA" entity in Paragraph 155 are accurate or complete, and on that basis deny those allegations. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 155, and on that basis deny those allegations.

156.    Paragraph 156 purports to reference unspecified "pricing data for specific standardized medical procedures from a large private, commercial database of health price and claims information." Answering Defendants lack knowledge or information sufficient to form a belief as to whether the statements purportedly attributable to the unidentified "HCA" entity in Paragraph 156 are accurate or complete, and on that basis deny those allegations. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 156, and on that basis deny those allegations.

157.    Paragraph 157 contains allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny those allegations. Paragraph 157 also purports to cite and rely upon data from an unidentified "study involving

the Commercial Database." Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the data accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 157 to the extent they pertain to after the Acquisition.

158. Paragraph 158 contains allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny those allegations. Paragraph 158 also purports to cite and rely upon data from an unidentified source. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the data accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 158 to the extent they pertain to after the Acquisition.

159. Paragraph 159 contains allegation prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny those allegations. Paragraph 159 also purports to cite and rely upon data from an unidentified source. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the data accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all

other allegations in Paragraph 159 to the extent they pertain to after the Acquisition.

160.   Paragraph 160 contains allegations prior to the Acquisition.  Answering Defendants therefore lack knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny those allegations.  Paragraph 160 also purports to cite and rely upon data from an unidentified source.  Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the data accurately or completely in light of all relevant context, and on that basis deny those allegations.  Answering Defendants deny all other allegations in Paragraph 160 to the extent they pertain to after the Acquisition.

161.   Answering Defendants lack knowledge or information sufficient to form a belief as to whether its "prices in the Outlying Region [are] substantially above competitive levels" or whether "prices at Mission Hospital-McDowell . . . [are] substantially above competitive levels," and on that basis deny those allegations.  Answering Defendants deny all other allegations in Paragraph 161. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

162.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, and on that basis deny the allegations.

163. Paragraph 163 asserts legal conclusions regarding "monopoly power," to which no response is required. To the extent a response is required, Answering Defendants deny those allegations. Paragraph 163 also purports to cite and rely upon data from an unidentified source. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the data accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 163 as they relate to Answering Defendants. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

164. Paragraph 164 purports to cite and rely upon data from an unidentified source. Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the data accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 164 as they relate to Answering Defendant. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

165. Paragraph 165 concerns allegations prior to the Acquisition. Answering Defendants therefore lack knowledge or information sufficient to form a

belief as to the truth of those allegations, and on that basis deny those allegations. Answering Defendants also lack knowledge or information sufficient to form a belief as to whether "Mission Hospital-McDowell charges approximately 50% above the State average for Outpatient Services" and "Mission Hospital-McDowell's overall prices for Outpatient Services increased substantially relative to other providers in North Carolina and are now in the top 3% of prices of providers of Outpatient Services in North Carolina," and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 165 to the extent they pertain to after the Acquisition. Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

166.   Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166, and on that basis deny the allegations.

167.   Answering Defendants deny all allegations in Paragraph 167 as they relate to Answering Defendants.

168.   Answering Defendants deny all allegations in Paragraph 168 as they relate to Answering Defendants.

169.   Paragraph 169 purports to paraphrase and characterize Section 7.13(j) of Amended APA, which speaks for itself.  To the extent a response is required,

Answering Defendants deny that Paragraph 169 accurately paraphrases or characterizes the Amended APA. Answering Defendants deny all other allegations in Paragraph 169 as they relate to Answering Defendants, except admit that one or more affiliates of HCA Healthcare, Inc., from time to time, has closed facilities in particular locations and discontinued certain practices and services in North Carolina.

170. Paragraph 170 purports to paraphrase and characterize several provisions of the Amended APA, which speaks for itself. To the extent a response is required, Answering Defendants deny that Paragraph 170 accurately paraphrases or characterizes the Amended APA. Answering Defendants deny all other allegations in Paragraph 170 as they relate to Answering Defendants, except admit that one or more affiliates of HCA Healthcare, Inc., from time to time, has closed facilities in particular locations and discontinued certain practices and services in North Carolina.

171. Paragraph 171 purports to paraphrase and characterize several provisions of the Amended APA, which speaks for itself. To the extent a response is required, Answering Defendants deny that Paragraph 171 accurately paraphrases or characterizes the Amended APA. Answering Defendants deny all other allegations in Paragraph 171 as they relate to Answering Defendants, except admit that one or more affiliates of HCA Healthcare, Inc., from time to time, has closed

facilities in particular locations and discontinued certain practices and services in North Carolina.

172.    Answering Defendants lack knowledge or information sufficient to form a belief as to whether patients have lost their preferred family doctors, and on that basis deny those allegations.  Answering Defendants deny all other allegations in Paragraph 172, except admit that, from time to time, doctors have joined and left one or more affiliates of HCA Healthcare, Inc. since the Acquisition.

173.    Paragraph 173 purports to quote and describe statements from unidentified nurses.    Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the nurses accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 173.

174.    Paragraph 174 purports to cite unidentified statements by the North Carolina Attorney General.   Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the statements accurately or completely in light of all relevant context, and on that basis deny those allegations.    Answering Defendants deny all other allegations in Paragraph 174 as they relate to Answering Defendants.

175.    Answering Defendants deny all allegations in Paragraph 175 as they relate to Answering Defendants.  Answering Defendants further deny that they have

agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

176. Paragraph 176 purports to quote and describe statements from an unverified letter uploaded to Scribd.com. Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the statements accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 176 as they relate to Answering Defendants.

177. Paragraph 177 purports to describe unidentified statements received by the North Carolina Department of Justice and the unverified letter referenced in Paragraph 176. Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the statements accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 177, except admit that (a) from time to time, the North Carolina Attorney General's office has represented that it has received complaints from citizens of North Carolina about one or more affiliates of HCA Healthcare, Inc., and (b) one or more affiliates of HCA Healthcare, Inc., from time to time, has discontinued certain practices and services in North Carolina.

178.   Paragraph 178 purports to cite unidentified statements by the Mayor of Asheville, unidentified Buncombe County officials, and unidentified doctors, nurses, and patients.   Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the statements accurately or completely in light of all relevant context, and on that basis deny those allegations.   Answering Defendants deny all other allegations in Paragraph 178 as they relate to Answering Defendants.

179.   Paragraph 179 purports to cite statements by the Chairman of the Buncombe County Commissioner, the Asheville Mayor, and unidentified members of the "delegation of Buncombe County's elected officials in the North Carolina statehouse."   Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the statements accurately or completely in light of all relevant context, and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 179.

180.   Paragraph 180 purports to cite unidentified "leading national agencies that assess quality of care factors."   Answering Defendants therefore lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the statements accurately or completely in light of all relevant context, and on that basis deny those allegations.   Answering Defendants deny all other allegations in

Paragraph 180, except admit that from time to time third parties have rated or graded one or more affiliates of HCA Healthcare, Inc.

181.　Answering Defendants lack knowledge or information sufficient to form a belief as to truth of the allegations regarding whether "CMS uses surveys of patients' experiences, including how responsive hospital staff were to their needs and the cleanliness of the hospital environment," and on that basis deny those allegations. Answering Defendants deny all other allegations in Paragraph 181 as they relate to Answering Defendants.

182.　Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, and on that basis deny the allegations, except admit that from time to time third parties have rated or graded one or more affiliates of HCA Healthcare, Inc.

183.　Answering Defendants deny all allegations in Paragraph 183 as they relate to Answering Defendants, except admit that the North Carolina Attorney General reviewed the Acquisition and solicited certain contractual commitments from the parties pursuant to its review.

184.　Answering Defendants deny all allegations in Paragraph 184, except admit that, from time to time, the North Carolina Attorney General's office has represented that it has received complaints from citizens of North Carolina about one or more affiliates of HCA Healthcare, Inc.

185.   Paragraph 185 purports to paraphrase and characterize provisions of the Amended APA, which speaks for itself.   To the extent a response is required, Answering Defendants deny that Paragraph 185 accurately and completely paraphrases or characterizes the Amended APA.   Answering Defendants deny all other allegations in Paragraph 185 as they relate to Answering Defendants, except admit that one or more affiliates of HCA Healthcare, Inc., from time to time, has discontinued certain practices and services in North Carolina.

186.   Paragraph 186 purports to cite hospital revenue data.   Answering Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs have cited the statements accurately or completely in light of all relevant context, or to the accuracy of the data itself, and on that basis deny those allegations. Answering Defendants lack knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 186, and on that basis deny those allegations.

187.   Paragraph 187 asserts legal conclusions regarding "monopoly power," to which no response is required.   To the extent a response is required, Answering Defendants deny those allegations.   Answering Defendants deny all other allegations in Paragraph 187 as they relate to Answering Defendants.   Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

188.   Answering Defendants deny all allegations in Paragraph 188 as they relate to Answering Defendants.

189.   Answering Defendants deny all allegations in Paragraph 189 as they relate to Answering Defendants.  Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

190.   Paragraph 190 asserts legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations as they relate to Answering Defendants.  Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

191.   Paragraph 191 asserts legal conclusions to which no response is required.  To the extent a response is required, Answering Defendants deny the allegations as they relate to Answering Defendants.  Answering Defendants further deny that they have agreed to any anti-competitive provisions or restraints as pleaded in the Complaint in violation of federal antitrust law.

192.   Answering Defendants deny that a class should be certified in this action, and on that basis deny the allegations in Paragraph 192, except admit that Paragraph 192 describes exclusions from Plaintiffs' proposed definition of the putative class.

193. Paragraph 193 asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny all allegations in Paragraph 193.

194. Paragraph 194 asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny all allegations in Paragraph 194.

195. Paragraph 195 asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny all allegations in Paragraph 195.

196. Paragraph 196 asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny all allegations in Paragraph 196.

197. Paragraph 197 asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny all allegations in Paragraph 197.

198. Paragraph 198 asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny all allegations in Paragraph 198.

199. Paragraph 199 asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny all allegations in Paragraph 199.

200. Paragraph 200 asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny all allegations in Paragraph 200 as they relate to Answering Defendants.

201. Answering Defendants incorporate by reference their responses to Paragraphs 1 through 200.

202. Answering Defendants deny all allegations in Paragraph 202 as they relate to Answering Defendants.

203. Answering Defendants deny all allegations in Paragraph 203 as they relate to Answering Defendants.

204. Answering Defendants deny all allegations in Paragraph 204 as they relate to Answering Defendants.

205. Answering Defendants deny all allegations in Paragraph 205 as they relate to Answering Defendants.

206. Answering Defendants deny all allegations in Paragraph 206 as they relate to Answering Defendants.

207. Answering Defendants incorporate by reference their responses to Paragraphs 1 through 206.

208. Answering Defendants deny all allegations in Paragraph 208 as they relate to Answering Defendants.

209. Answering Defendants deny all allegations in Paragraph 209 as they relate to Answering Defendants.

210. Answering Defendants deny all allegations in Paragraph 210 as they relate to Answering Defendants.

211. Answering Defendants deny all allegations in Paragraph 211 as they relate to Answering Defendants.

212. Answering Defendants deny all allegations in Paragraph 212 as they relate to Answering Defendants.

213. Answering Defendants deny all allegations in Paragraph 213 as they relate to Answering Defendants.

214. Paragraph 214 asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants admit that the Complaint purports to demand a jury trial.

**ANSWER TO PRAYER FOR RELIEF**: The Prayer for Relief asserts legal conclusions to which no response is required. To the extent a response is required, Answering Defendants deny that any Plaintiff or class member of the putative class is entitled to any form of recovery, relief, award, or Order arising from the allegations set forth in the Complaint.

# AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to Answering Defendants as to any element of Plaintiffs' claims, brought individually and on behalf of the putative class, Answering Defendants assert the following defenses:

1.  Plaintiffs fail to state a claim, in whole or in part, for which relief can be granted.

2.  Plaintiffs and the purported class do not have standing, including antitrust standing, to assert their claims and/or to seek some or all of the requested relief under applicable law.

3.  Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because they are indirect purchasers of the services on which the claims are based.

4.  Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs seek damages that constitute duplicative recovery prohibited by the Due Process Clause of the U.S. Constitution and/or the North Carolina Constitution.

5.  Plaintiffs' claims are barred, in whole or in part, to the extent Answering Defendants are entitled to set off any amounts paid to Plaintiffs by any third parties or defendants other than Answering Defendants for any of the alleged injury or damages in this action.

6.  Plaintiffs' claims are barred, in whole or in part, because of their failure to join necessary or indispensable parties, as required for a proper adjudication of this action.

7.  Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the applicable statute(s) of limitations.

8.  Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the doctrine of laches.

9.    Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because Plaintiffs have not sustained and they will not sustain any cognizable injury or antitrust injury under applicable law caused by any act or omission of any Answering Defendant.

10.   Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because Plaintiffs' alleged injuries were not proximately caused by any act or omission of any Answering Defendant.

11.   Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because Plaintiffs' alleged injuries, if any, resulted from the acts or omissions of third parties over whom Answering Defendants had no control, which constitute intervening or superseding causes of harm.

12.   Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because there has been no adverse harm to competition.

13.   Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because there has been no adverse harm to consumers or to consumer welfare.

14.   Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the alleged conduct of Answering Defendants did not unreasonably restrain trade and/or because any restraints were ancillary to legitimate and procompetitive activities.

15.   Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because any alleged adverse harm to competition is outweighed by the procompetitive benefits or effects of Answering Defendants' acts or omissions.

16.   Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because Answering Defendants at all times and in all relevant matters acted reasonably, serving legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition.

17.   Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the Complaint does not allege any relevant antitrust markets or submarkets and Plaintiffs cannot carry their burden of defining proper antitrust relevant markets or submarkets.

18. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the Complaint does not allege that Answering Defendants had market power or monopoly power and Plaintiffs cannot carry their burden of proving that Defendants had market power or monopoly power.

19. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the doctrine of estoppel.

20. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the doctrines of waiver or acquiescence.

21. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, to the extent that they or their health plans or insurers agreed to arbitration or mediation for resolution of their claims.

22. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the health plans of which they are or were members consented to the contractual agreements that Plaintiffs challenge.

23. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the acts alleged to have been performed by Answering Defendants were privileged acts and/or subject to the learned profession exemption under N.C. Gen. Stat. § 75-1.1(b).

24. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the provisions of N.C. Gen. Stat. § 131E-192.5, the statute pursuant to which Mission Heath was issued a Certificate of Public Advantage (or "COPA").

25. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the state action doctrine.

26. Plaintiff's claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the filed rate doctrine.

27. Plaintiff's claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the Noerr-Pennington doctrine, the First Amendment of the United States Constitutions and/or the North Carolina Constitution.

28. Plaintiff's claims (on behalf of themselves and the purported class) are barred, in whole or in part, under the doctrine of unclean hands.

29. Plaintiff's claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the damages sought by Plaintiffs on behalf of themselves and the purported class are speculative.

30. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the alleged injury and damages are not attributable to the acts or omissions of Answering Defendants, or because of Plaintiffs'' failure to properly allocate any alleged injury or damages among the defendants.

31. Plaintiff's claims (on behalf of themselves and the purported class) are barred, in whole or in part, because Plaintiffs and the purported class failed to mitigate their damages.

32. Plaintiffs' requests for injunctive, equitable, and/or declaratory relief (on behalf of themselves and the purported class) are barred because an adequate remedy is available at law.

33. With respect to each and every allegation of the Complaint related to the request for class certification, class certification is not appropriate because, among other reasons, there is a lack of:

   (a) numerosity;
   (b) commonality or community of interest;
   (c) typicality;
   (d) a reasonably ascertainable class;
   (e) adequate representation;
   (f) appropriateness of relief to the putative class as a whole
   (g) predominance of common questions over questions affecting individual class members
   (h) substantial benefit to the litigants and the court;
   (i) superiority of a class action to other available methods for fair and efficient adjudication
   (j) impracticality of joinder of all putative class members

34. Answering Defendants adopts and incorporates by reference any applicable affirmative defense set forth by any other Defendant in this action not expressly set forth herein.

## <u>RESERVATION OF RIGHT TO SERVE ADDITIONAL DEFENSES</u>

Answering Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they become aware through discovery or other investigation, as may be appropriate at a later time.

**WHEREFORE**, Answering Defendants respectfully pray the Court for the following relief:

1. That Plaintiffs' Complaint be dismissed with prejudice.

2. That Plaintiff have and recover nothing from Answering Defendants.

3. That the costs of this action, including attorney's fees as may be allowed by law, be taxed to the Plaintiffs.

4. That Answering Defendants have a trial by jury.

5. For such other and further relief as the Court deems just and proper.

This the 12th day of April, 2024.

*/s/  Phillip T. Jackson*          */s/Abram Ellis*
Phillip T. Jackson (N.C. Bar No. 21134)   Abram Ellis (admitted *pro hac vice*)
John Noor (N.C. Bar No. 43102)       Sara Razi (admitted *pro hac vice*)
David Hawisher (N.C. Bar No. 55502)    SIMPSON THACHER &
ROBERTS & STEVENS, PA            BARTLETT LLP
P.O. Box 7647                900 G Street NW, Ste. 900
Asheville, NC 28802            Washington DC, 20001
Phone: (828) 252-6600           Phone: (202) 636-5500
pjackson@roberts-stevens.com        aellis@stblaw.com
jnoor@roberts-stevens.com         sara.razi@stblaw.com
dhawisher@roberts-stevens.com

*Counsel for the Answering Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2024, the foregoing document was filed via the Court's electronic filing system, which serves all counsel of record on this matter.

/s/ Abram Ellis
Abram Ellis (admitted *pro hac vice*)
Sara Razi (admitted *pro hac vice*)
SIMPSON THACHER &
BARTLETT LLP
900 G Street NW, Ste. 900
Washington DC, 20001
Phone: (202) 636-5500
aellis@stblaw.com
sara.razi@stblaw.com

*Counsel for the Answering Defendants*