# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

IN RE MISSION HEALTH
ANTITRUST LITIGATION

No. 1:22-cv-00114-MR-WCM

JURY TRIAL DEMANDED

## ANC DEFENDANTS' ANSWER TO PLAINTIFF'S
## CONSOLIDATED CLASS ACTION COMPLAINT

Defendants ANC Healthcare, Inc. (formerly known as Mission Health System, Inc.) and Mission Hospital, Inc. (hereinafter collectively, "ANC"), by and through its counsel, hereby admits, denies, and avers as follows with respect to the Consolidated Class Action Complaint filed on August 19, 2022 [ECF 43] (the "Complaint"). To the extent not specifically admitted in the following paragraphs, the allegations in the Complaint are denied.

Except as expressly stated below, ANC answers and responds based on the knowledge and information currently available to it and for the time period prior to January 31, 2019, the date that ANC sold nearly all of the Mission Health System, Inc. ("Mission Health"[1]) assets to Defendant MH Master Holdings, LLLP.[2] Since that time, ANC no longer provides any inpatient or outpatient healthcare services in North Carolina or elsewhere, and exists simply to wind down the discrete assets

---

[1] For purposes of this Answer, ANC is using the name "Mission Health," which is not a specific legal entity or an individual Defendant, to refer to all the hospitals, facilities and other assets of the Mission Health System.

[2] Throughout this Answer, where appropriate, Defendants HCA Healthcare, Inc., HCA Management Services, LP, HCA, Inc., MH Master Holdings LLLP, MH Hospital Manager, LLC, and MH Mission Hospital, LLP are referred to collectively as "HCA."

and liabilities of Mission Health that did not transfer to HCA at the time of the sale. Accordingly, except as expressly stated below, ANC lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the Consolidated Class Action Complaint directed only toward HCA or that relate to the time period after January 31, 2019, and on that basis denies all such allegations.

## I.  NATURE OF THE ACTION[3]

1.     ANC admits that Plaintiffs purport to bring class action claims pursuant to Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2, and seek damages and injunctive and equitable relief.  ANC denies the remaining allegations in this paragraph, and further denies that Plaintiffs and putative class members have been injured, that Plaintiffs possess the requisite standing to bring these claims, or would be proper class representatives, and that class status is appropriate or permitted for these alleged claims.

2.     ANC admits that Brevard and Asheville are North Carolina municipalities and that Buncombe and Madison are North Carolina counties.  ANC lacks knowledge or information sufficient to form a belief as to whether Plaintiffs operate self-funded health insurance plans for their employees and their families, and on that basis denies those allegations. ANC denies the remaining allegations, and further denies that Plaintiffs and putative class members have been injured.

3.     ANC admits that Plaintiffs purport to seek to represent a class of North Carolina health insurance plans, including self-funded and commercial insurers, each of which allegedly paid directly to one or more Defendant(s) on behalf of their insureds for health care services in the relevant markets alleged herein. ANC denies that Plaintiffs and putative class members have been injured, denies that Plaintiffs possess the requisite standing to bring these claims, or would be proper class representatives, and further denies that class status is appropriate or permitted for these alleged claims.

4.     ANC denies the allegations of paragraph 4.

5.     To the extent this paragraph purports to define relevant antitrust markets, this paragraph contains legal conclusions and ANC is not required to respond.  To the extent a response is required, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in

---

[3] For ease of reference only, ANC uses the section numbering and headings in the Consolidated Class Action Complaint. In so doing, ANC does not admit or concede the factual bases, legal conclusions, or relevance of any such heading, and denies any and all allegations contained therein.

this paragraph insofar as they contain generalizations regarding Defendants' "dominat[ion]" in the provision of healthcare services in North Carolina, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

6. ANC admits that the State of North Carolina and Memorial Mission Hospital and St. Joseph's Hospital entered into a COPA in December 1995. ANC admits that Memorial Mission Hospital and St. Joseph's Hospital began an operational partnership in 1996. ANC denies that the merger took place in 1995. ANC denies the remaining allegations set forth in Paragraph 6 of the Complaint and demands strict proof thereof.

7. To the extent the allegations of this paragraph state a legal conclusion, ANC is not required to respond. To the extent a response is required, ANC denies that the Plaintiff's characterization of the COPA that Mission Health was granted is accurate or complete. ANC denies the remaining allegations set forth in Paragraph 7 of the Complaint and demands strict proof thereof.

8. ANC admits that, in 2016, the North Carolina General Assembly repealed the statute(s) that created the COPA regulatory regime. The remaining allegations set forth in Paragraph 8 of the Complaint are legal conclusions for which no response is required.

9. ANC admits that MH Master Holdings, LLLP was a party to an Asset Purchase Agreement effective as of August 30, 2018 and an Amended Asset Purchase Agreement effective as of January 31, 2019, which agreements speak for themselves. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph regarding HCA, and therefore denies those allegations. ANC denies the remaining allegations in paragraph 9.

10. To the extent the allegations relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of this paragraph relating to commercial insurers and self-funded payors, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph, and specifically denies that a relevant geographic market is limited to Madison and Buncombe counties, or that each of these counties constitutes its own separate relevant antitrust market. The allegations set forth in Paragraph 10 of the Complaint refer to another party and therefore no response to these allegations is required by ANC. To the extent that any further response to these allegations is required, ANC denies the allegations set forth in Paragraph 10 of the Complaint and demands strict proof thereof.

11. The allegations set forth in Paragraph 11 of the Complaint refer to another party and therefore no response to these allegations is required by ANC. To the extent that any further response to these allegations is required, ANC denies the allegations set forth in Paragraph 11 of the Complaint and demands strict proof thereof.

12. The allegations set forth in Paragraph 12 of the Complaint refer to another party and therefore no response to these allegations is required by ANC. To the extent that any further response to these allegations is required, ANC denies the allegations set forth in Paragraph 12 of the Complaint and demands strict proof thereof.

13. Denied and strict proof thereof demanded.

14. Denied and strict proof thereof demanded.

15. Denied and strict proof thereof demanded.

16. Denied and strict proof thereof demanded.

17. Denied and strict proof thereof demanded.

18. Denied and strict proof thereof demanded.

19. The allegations set forth in Paragraph 19 of the Complaint refer to another party and therefore no response to these allegations is required by ANC. To the extent that any further response to these allegations is required, ANC denies the allegations set forth in Paragraph 19 of the Complaint and demands strict proof thereof.

20. The allegations set forth in Paragraph 20 of the Complaint refer to another party and therefore no response to these allegations is required by ANC. To the extent that any further response to these allegations is required, ANC denies the allegations set forth in Paragraph 20 of the Complaint and demands strict proof thereof.

21. The allegations set forth in Paragraph 21 of the Complaint refer to another party and therefore no response to these allegations is required by ANC. To the extent that any further response to these allegations is required, ANC denies the allegations set forth in Paragraph 21 of the Complaint and demands strict proof thereof.

22. Denied and strict proof thereof demanded.

23. Denied and strict proof thereof demanded.

## II.    THE PARTIES

### A.    Plaintiffs

24.    ANC admits that the City of Brevard is a city in, and county seat of, Transylvania County, North Carolina. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph regarding the City of Brevard, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph including any characterizations of what constitutes the relevant market.

25.    ANC admits that Buncombe is a county in Western North Carolina that includes parts of the Blue Ridge Parkway, Pisgah National Forest, and Nantahala National Forest. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph regarding Buncombe County, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph including any characterizations of what constitutes the relevant market.

26.    ANC admits that Asheville is a city in, and county seat, of Buncombe County, North Carolina. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph regarding Asheville, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph including any characterizations of what constitutes the relevant market.

27.    ANC admits that Madison is a county in Western North Carolina. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph regarding Madison County, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph including any characterizations of what constitutes the relevant market.

### B.    Defendants

28.    The allegations set forth in Paragraph 28 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

29.    ANC admits that MH Master Holdings, LLP is listed as a buyer in the Amended Asset Purchase Agreement (Amended APA).

30.    The allegations set forth in Paragraph 30 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

31.    ANC admits that HCA Healthcare, Inc. is a defendant in a class action lawsuit filed in the Superior Court of North Carolina, Buncombe County, but denies that the allegations in this paragraph accurately or completely describe the

allegations set forth in the complaint in *Davis, et al. v. HCA Healthcare, Inc. et al.*, No. 21-CV-03276 (N.C. Super. Ct.), which is a document that speaks for itself. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations in the second sentence regarding proposed classes of plaintiffs, and therefore denies those allegations.

32.    The allegations set forth in Paragraph 32 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

33.    The allegations set forth in Paragraph 33 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

34.    The allegations set forth in Paragraph 34 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

35.    ANC admits that it entered into a confidentiality and nondisclosure agreement in July 2017, an Asset Purchase Agreement in August of 2018, and an amended Asset Purchase Agreement in January of 2019, which agreements speak for themselves. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of this paragraph, and therefore denies those allegations.

36.    The allegations set forth in Paragraph 36 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

37.    The allegations set forth in Paragraph 37 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

38.    The allegations set forth in Paragraph 38 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

39.    ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of this paragraph regarding MH Master Holdings, LLLP, and therefore denies those allegations. The remaining allegations set forth in Paragraph 39 of the Complaint refer to documents which speak for themselves.

40.    The allegations set forth in Paragraph 40 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

41.    The allegations set forth in Paragraph 41 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

42.    The allegations set forth in Paragraph 42 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

43.     The allegations set forth in Paragraph 43 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

44.     The allegations set forth in Paragraph 44 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

45.     The allegations set forth in Paragraph 45 of the Complaint refer to documents which speak for themselves.

46.     The allegations set forth in Paragraph 46 of the Complaint refer to a document which speaks for itself.

47.     The allegations set forth in Paragraph 47 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

48.     The allegations set forth in Paragraph 48 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

49.     ANC admits that ANC Healthcare, Inc. is a North Carolina non-profit corporation that until February 2019 had its principal place of business in Asheville, North Carolina and that its principal place of business is currently in Winter Park, Florida. ANC further admits that its registered agent is Corporation Service Company.  ANC denies the remaining allegations set forth in Paragraph 49 of the Complaint.

50.     ANC admits that ANC Healthcare, Inc. was incorporated in 1981 as a North Carolina non-profit corporation and remains a North Carolina non-profit corporation. ANC admits that ANC Healthcare, Inc. is not defunct, has not been dissolved, and that its duration is described as "unlimited" in the most recent Articles of Restatement, which document speaks for itself. Further answering, ANC denies that it has operated Mission Health or delivered healthcare services through Mission Health since on or around January 31, 2019. ANC denies any remaining allegations in this paragraph.

51.     ANC admits that it owned and/or was affiliated with Mission Health until on or around January 31, 2019 and that Mission Health was, as of 2015, an integrated healthcare system providing healthcare services, including to residents of North Carolina and elsewhere. ANC lacks knowledge or information regarding the source of the quoted text in this paragraph and, therefore, denies that the quotation is complete or provides the necessary context. ANC further denies that it has operated Mission Health or delivered healthcare services through Mission Health since on or around January 31, 2019. ANC denies any remaining allegations in this paragraph.

52.     Admitted.

53.     Admitted.

54.     ANC admits that Mission Hospital, Inc. was incorporated in 1951 as a North Carolina non-profit corporation and remains a North Carolina non-profit corporation. ANC admits that Mission Hospital, Inc. is not defunct, has not been dissolved, and that its duration is described as "unlimited" in the Articles of Restatement for Nonprofit Corporation filed February 1, 2019, which document speaks for itself. By way of further answer, ANC denies that Mission Hospital, Inc. has operated or delivered healthcare services since on or around January 31, 2019. ANC denies any remaining allegations in this paragraph.

55.     The allegations set forth in Paragraph 55 of the Complaint refer to a document which speaks for itself.

56.      The allegations set forth in Paragraph 56 of the Complaint refer to a document which speaks for itself.  ANC denies the remaining allegations set forth in Paragraph 56 of the Complaint and demands strict proof thereof.

## III.     JURISDICTION AND VENUE

57.     The allegations set forth in Paragraph 57 are legal conclusions for which no response is required.

58.     The allegations set forth in Paragraph 58 are legal conclusions for which no response is required.

59.     The allegations set forth in Paragraph 59 are legal conclusions for which no response is required.

## IV.     RELEVANT HISTORICAL BACKGROUND

### A.     Mission Acquired Monopoly Power Under the COPA

60.     Admitted.

61.     ANC admits that Memorial Mission Hospital was incorporated as a non-profit corporation in 1951. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies those allegations.

62.     ANC admits that Memorial Mission Hospital and St. Joseph's Hospital were two hospitals that provided inpatient healthcare services in Asheville in the early 1990s. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remaining allegations of this paragraph, and therefore denies those allegations.

63.    ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies those allegations.

64.    ANC admits that the State of North Carolina and Memorial Mission Hospital and St. Joseph's Hospital entered into a COPA in December 1995, but denies that the Plaintiffs' characterization of the COPA that Mission Health was granted is accurate or complete. ANC admits that Memorial Mission Hospital and St. Joseph's Hospital began an operational partnership in 1996. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the remaining allegations of this paragraph, and therefore denies those allegations.

65.    ANC admits that the State of North Carolina and Memorial Mission Hospital and St. Joseph's Hospital entered an amended COPA in October 1998 to allow the proposed merger of St. Joseph's Hospital with and into Memorial Mission Hospital, Inc. and of Mission-St. Joseph's Health System Inc. with and into Memorial Mission's parent, Memorial Mission Medical Center, Inc. ANC denies the remaining allegations of this paragraph.

66.    ANC denies that Mission Health or any Mission entity is referenced in the COPA statute enacted by the North Carolina General Assembly. The quoted language of the cited statute speaks for itself and requires no response. To the extent the allegations of this paragraph and accompanying footnote state a legal conclusion, ANC is not required to respond. To the extent a response is required, ANC denies the allegations of this paragraph.

67.    To the extent the allegations of this paragraph and accompanying footnote state a legal conclusion, ANC is not required to respond. The quoted language of the cited statute speaks for itself and requires no response. To the extent a response is required, ANC denies the allegations of this paragraph.

68.    To the extent the allegations of this paragraph and accompanying footnote state a legal conclusion, ANC is not required to respond. To the extent a response is required, ANC admits that, from 1995 through 2016, Mission Health was regulated by and operated under the oversight of the State of North Carolina pursuant to state legislation known as COPA. ANC admits that the allegations of this paragraph purport to quote portions of the COPA that Mission Health was granted, but denies that the quotations are complete or that they provide the necessary context. ANC denies the remaining allegations of this paragraph.

69.    To the extent the allegations of this paragraph and accompanying footnote state a legal conclusion, ANC is not required to respond. To the extent a response is required, ANC admits that the allegations of this paragraph purport to quote portions of the COPA that Mission Health was granted, but denies that the

quotations are complete or that they provide the necessary context. ANC denies the remaining allegations of this paragraph.

70. To the extent the allegations of this paragraph state a legal conclusion, ANC is not required to respond. To the extent a response is required, ANC denies that Plaintiffs' characterization of the COPA that Mission Health was granted is accurate or complete.

71. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding the Vistnes Report, and therefore denies those allegations. ANC denies the remaining allegations in this paragraph.

72. Denied and strict proof thereof demanded.

73. ANC admits that, in 2016, the North Carolina General Assembly repealed the statute(s) that created the COPA regulatory regime. To the extent that the remaining allegations of this paragraph state a legal conclusion, ANC is not required to respond. To the extent that it is required to respond, ANC denies the remaining allegations of this paragraph.

## B. HCA's Purchase of Mission's Assets

74. Denied and strict proof thereof demanded.

75. Denied and strict proof thereof demanded.

76. ANC admits that the Asset Purchase Agreement was effective as of August 30, 2018, and an Amended Asset Purchase Agreement was effective as of January 31, 2019, which documents speaks for themselves. ANC denies the remaining allegations of this paragraph.

77. To the extent the allegations of this paragraph reference the Amended Asset Purchase Agreement effective as of January 31, 2019, that document speaks for itself. To the extent a response is required, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding HCA, and therefore denies those allegations.

## V. HOSPITAL/INSURANCE MARKETS

### A. Hospital/Insurer Negotiations in a Competitive Market

78. ANC admits that the market for acute hospital services is different in certain ways than the markets for other products or services. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the

remaining allegations in this paragraph insofar as they contain generalizations about commercial health plans' business practices, and therefore denies those allegations.

79. ANC admits that, to become an in-network provider, hospitals and health systems negotiate reimbursement rates for healthcare services with commercial insurance companies and, if mutually agreeable terms can be reached, enter into a contract. ANC denies the remaining allegations of this paragraph.

80. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph insofar as they contain generalizations about commercial health plans' business practices, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

81. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph insofar as they contain generalizations about commercial health plans' business practices over an undefined period of time, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

82. To the extent that these allegations assert a legal conclusion, ANC is not required to respond. To the extent that it is required to respond, ANC admits that, among other forms of competition, hospitals and health systems compete with each other by seeking contracts with commercial insurers and seeking to attract patients to their facilities. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the second sentence of this paragraph, and therefore denies those allegations. ANC denies the allegations in the third sentence.

**B.    Hospital/Insurer Negotiations in the Absence of Competition**

83. Denied and strict proof thereof demanded.

84. Denied and strict proof thereof demanded.

85. Denied and strict proof thereof demanded.

86. ANC denies the allegations of this paragraph.

87. Denied and strict proof thereof demanded.

88. Denied and strict proof thereof demanded.

89. Denied and strict proof thereof demanded.

**VI.    THE RELEVANT MARKETS**

90. Denied and strict proof thereof demanded.

91.     ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies those allegations.

## A.     The Relevant Product/Service Markets

92.     ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the general allegations about hospital markets in this paragraph, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph, and specifically denies that the Asheville Region is properly defined.

93.     ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the general allegations about hospital markets in this paragraph, and therefore denies those allegations. ANC is also without knowledge or information sufficient to form a belief as to the truth or falsity of allegations relating to any regulatory filings by HCA Healthcare, Inc., and therefore denies those allegations. ANC denies the remaining allegations of this paragraph including any characterizations of what constitutes the relevant market.

94.     ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the general allegations about hospital markets in this paragraph, and therefore denies those allegations. ANC denies the remaining allegations in the paragraph.

95.     Denied and strict proof thereof demanded.

96.     The allegations set forth in Paragraph 96 of the Complaint are legal conclusions for which no response is required.

97.     The allegations set forth in Paragraph 97 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

## B.     The Relevant Geographic Markets

98.     To the extent that this paragraph contains legal conclusions, ANC is not required to respond. To the extent that a response is required, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations about the market in this paragraph, and therefore denies those allegations.

### 1.     Asheville Region.

99.     ANC denies the allegations of this paragraph, and specifically denies that the relevant geographic market within which to analyze general acute care services consists of Buncombe and Madison counties.

100.   Denied and strict proof thereof demanded.

101.   The allegations set forth in Paragraph 101 of the Complaint refer to a document or documents which speak for themselves.

102.   The allegations set forth in Paragraph 102 of the Complaint refer to a document or documents which speak for themselves.

103.   ANC lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies the allegations. ANC specifically denies that a relevant geographic market consists of the Asheville Region, or that the Asheville Region is properly defined.

104.   ANC lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies the allegations. ANC specifically denies that a relevant geographic market consists of the Asheville Region, or that the Asheville Region is properly defined.

2.   **Outlying Region.**

105.   ANC lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies the allegations except for the fact that the complaint purports to define a relevant market. ANC specifically denies that a relevant geographic market consists of Macon, McDowell, Mitchell, Transylvania and Yancey counties, or that each of these counties constitutes its own separate relevant antitrust market.

106.   ANC admits that the Mission Health hospitals identified in the above list are located in the counties stated in this paragraph. ANC denies the remaining allegations in this paragraph.

107.   To the extent the allegations of this paragraph relate to the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations relating to HCA, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

108.   To the extent the allegations of this paragraph relate to the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations relating to HCA, and therefore denies those allegations. ANC denies the remaining allegations in this paragraph.

109. To the extent the allegations of this paragraph assert a legal conclusion, not a factual allegation, ANC is not required to respond. To the extent the allegations of this paragraph relate to the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies the remaining allegations in this paragraph.

110. ANC lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies the allegations. ANC admits that the complaint purports to define a relevant market, and it specifically denies that the relevant geographic markets have been correctly identified, or that each of the named counties constitutes its own separate relevant antitrust market. ANC denies all remaining allegations in the paragraph.

## VII. DEFENDANTS' MONOPOLY POWER

111. Denied and strict proof thereof demanded.

112. To the extent the allegations of this paragraph relate to the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies the remaining allegations in this paragraph.

113. Denied and strict proof thereof demanded.

114. To the extent the allegations of this paragraph relate to HCA's actions during the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies the remaining allegations in this paragraph.

115. Denied and strict proof thereof demanded.

116. Denied and strict proof thereof demanded.

117. The allegations set forth in Paragraph 117 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

118. Denied and strict proof thereof demanded.

## VIII. DEFENDANTS' UNLAWFUL CONDUCT

### A. HCA's Unlawful Scheme

119. Denied and strict proof thereof demanded.

120. Denied and strict proof thereof demanded.

121.    Denied and strict proof thereof demanded.

122.    Denied and strict proof thereof demanded.

123.    To the extent the allegations in this paragraph state a legal conclusion, ANC is not required to respond. To the extent a response is required, ANC admits that the paragraph purports to reference litigation styled as *United States of America, et al. v. The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas Health Care System*, No. 3:16-cv-00311-RJC-DCK, 2019 WL 2767005, 2019-1 Trade Cases P 80,752 (W.D.N.C. April 24, 2019), which speaks for itself. ANC denies that Plaintiffs' characterization of the litigation is complete or provides the necessary context. ANC denies all remaining allegations in this paragraph.

124.    The allegations set forth in Paragraph 124 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

1.    **HCA's "All or Nothing" Requirements.**

125.    The allegations set forth in Paragraph 125 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

126.    Denied and strict proof thereof demanded.

127.    Denied and strict proof thereof demanded.

128.    ANC denies the allegations in this paragraph including any characterizations of what constitutes the relevant market.

129.    ANC admits that certain network participation agreements between Blue Cross and Blue Shield of North Carolina and the hospitals and providers within the Mission Health system were terminated in 2017. ANC admits that new network participation agreements between Blue Cross and Blue Shield of North Carolina and the hospitals and providers within the Mission Health system were entered into in 2017, with a rate increase lower than what Mission had sought in furtherance of its mission to provide critical, life-saving services to the region. ANC denies the remaining allegations of this paragraph including any characterizations of what constitutes the relevant market.

130.    ANC admits that certain network participation agreements between Blue Cross and Blue Shield of North Carolina and the hospitals and providers within the Mission Health system were terminated in 2017. ANC admits that new network participation agreements between Blue Cross and Blue Shield of North Carolina and the hospitals and providers within the Mission Health system were entered into in 2017, with a rate increase lower than what Mission had sought in furtherance of its mission to provide critical, life-saving services to the region. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations in this paragraph relating to HCA and conduct that occurred after January 31, 2019, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

### 2. HCA's Anti-Steering and Anti-Tiering Provisions.

131. To the extent that the allegations of this paragraph state a legal conclusion, ANC is not required to respond. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph insofar as they contain generalizations about anti-steering provisions and how they impact the health care market, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph relating to HCA and conduct that occurred after January 1, 2019, and therefore denies those allegations. ANC denies the remaining allegations in this paragraph.

132. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies those allegations.

133. To the extent the allegations in this paragraph assert a legal conclusion, ANC is not required to respond. To the extent a response is required, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph insofar as they contain generalizations about steering provisions and how they impact the health care market, and therefore denies those allegations.

134. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph insofar as they relate to comments made by the Assistant Attorney General or Senator Grassley, and therefore denies those allegations. ANC denies the remaining allegations in this paragraph.

135. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph insofar as they contain generalizations about tiered networks and how they impact the health care market, and therefore denies those allegations.

136. Denied and strict proof thereof demanded.

137. Denied and strict proof thereof demanded.

### 3. HCA's Gag Clauses and Lack of Transparency.

138. Denied and strict proof thereof demanded.

139.    To the extent the allegations of this paragraph state a legal conclusion, ANC is not required to respond. To the extent a response is required, ANC denies that the Plaintiff's characterization of 45 C.F.R. § 180.50 is accurate or complete. To the extent the allegations relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations.

140.    To the extent the allegations relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies all other allegations in this paragraph.

141.    To the extent the allegations of this paragraph state a legal conclusion, ANC is not required to respond. To the extent a response is required, ANC denies that the Plaintiff's characterization of 45 C.F.R. § 180.50 is accurate or complete. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to 45 C.F.R. § 180.50. To the extent the allegations relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies all other allegations in this paragraph.

**B.    Defendants' Scheme Has Foreclosed Substantial Competition in Each of the Relevant Markets**

142.    Denied and strict proof thereof demanded.

143.    Denied and strict proof thereof demanded.

144.    Denied and strict proof thereof demanded.

145.    Denied and strict proof thereof demanded.

146.    Denied and strict proof thereof demanded.

147.    To the extent the allegations relate to HCA or to the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC also lacks knowledge or information sufficient to form a belief as to the truth or falsity of the statistics relating to market share, and therefore denies those allegations. ANC denies any remaining allegations in this paragraph.

148.    To the extent the allegations relate to HCA or to the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC also lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the statistics relating to market share, and therefore denies those allegations. ANC denies any remaining allegations in this paragraph.

149. Denied and strict proof thereof demanded.

## IX. THE ANTICOMPETITVE EFFECT OF DEFENDANTS' SCHEME: ARTIFICIALLY INFLATED PRICES, REDUCED OUTPUT, DECLINING QUALITY

150. Denied and strict proof thereof demanded.

### A. Defendants Have Used the Scheme to Inflate Prices Above Competitive Levels in Each of the Relevant Markets

151. Denied and strict proof thereof demanded.

152. Denied and strict proof thereof demanded.

153. To the extent the allegations of this paragraph relate to the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. To the extent the paragraph cites an unidentified RAND analysis, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

154. To the extent the allegations of this paragraph relate to the time period after January 31, 2019 or unspecified market share data, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. To the extent the paragraph cites an unidentified RAND analysis, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

155. The allegations set forth in Paragraph 155 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

156. To the extent the paragraph cites an unidentified pricing data, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

157. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies the allegations.

158. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies the allegations.

159. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies the allegations.

160. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph, and therefore denies the allegations.

**B.      HCA's Scheme Has Led to Artificially Inflated Prices in the Outlying Region**

161. The allegations set forth in Paragraph 161 of the Complaint refer to another party and therefore no response to these allegations is required by ANC.

162. ANC admits that Carolinas HealthCare System Blue Ridge Morganton is located in Morganton, North Carolina. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph regarding Carolinas HealthCare System Blue Ridge Morganton, and therefore denies those allegations.

163. To the extent that this paragraph asserts a legal conclusion, ANC is not required to respond. To the extent that a response is required, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding an unspecified dataset, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

164. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph regarding an unspecified dataset, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

165. To the extent the allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding prices for outpatient care, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

166. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph regarding prices for

outpatient care, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

### C. Defendants' Unlawful Scheme Has Reduced Output and Quality of Care

167. Denied and strict proof thereof demanded.

168. To the extent the allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

169. ANC admits that Mission Health and HCA entered into the Amended and Restated Asset Purchase Agreement, but it denies that Plaintiffs' characterizations of the agreement are complete or provide the necessary context. To the extent the remaining allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

170. ANC admits that Mission Health and HCA entered into the Amended and Restated Asset Purchase Agreement, but it denies that Plaintiffs' characterizations of the agreement are complete or provide the necessary context. To the extent the remaining allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

171. ANC denies that Plaintiffs' characterizations of the Amended and Restated Asset Purchase Agreement are complete or provide the necessary context. To the extent the remaining allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

172. To the extent the allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

173. To the extent the allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those

allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

174. To the extent the allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

175. Denied and strict proof thereof demanded.

176. To the extent the allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

177. To the extent the allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

178. To the extent the allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

179. To the extent the allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies those allegations. ANC denies the remaining allegations of this paragraph.

180. ANC admits only that Mission Hospital-Asheville was attributed an "A" rating for 5 of the last 7 quarters of publicly-available data. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies those allegations.

181.     To the extent the allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies those allegations.

182.     To the extent the allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies those allegations.

183.     ANC admits that the North Carolina Attorney General reviewed and approved the Amended and Restated Asset Purchase Agreement, but ANC denies that Plaintiffs' characterizations of the Amended and Restated Asset Purchase Agreement are complete or provide the necessary context. ANC denies the remaining allegations of the sentence of this paragraph.

184.     ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies those allegations.

185.     To the extent the allegations of this paragraph relate to HCA or the time period after January 31, 2019, ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and therefore denies those allegations. ANC denies the remaining allegations in this paragraph.

186.     ANC is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies those allegations.

187.     To the extent that this paragraph asserts a legal conclusion, ANC is not required to respond. To the extent that a response is required, ANC denies the remaining allegations in this paragraph.

188.     Denied and strict proof thereof demanded.

## X.     DEFENDANTS' SCHEME HAS CAUSED ANTITRUST INJURY AND DAMAGES TO PLAINTIFFS AND THE CLASS

189.     Denied and strict proof thereof demanded.

190.     Denied and strict proof thereof demanded.

191.    Denied and strict proof thereof demanded.

## XI.    CLASS ALLEGATIONS

192.    ANC admits that this paragraph describes exclusions from the Plaintiffs' proposed class. ANC denies all other allegations, specifically that Plaintiffs and putative class members have been injured, that Plaintiffs possess the requisite standing to bring these claims, and that class status is appropriate or permitted for these alleged claims.

193.    To the extent that the allegations of this paragraph state a legal conclusion, ANC is not required to respond. To the extent a response is required, ANC denies the allegations of this paragraph.

194.    Denied and strict proof thereof demanded.

195.    Denied and strict proof thereof demanded.

196.    Denied and strict proof thereof demanded.

197.    Denied and strict proof thereof demanded.

198.    Denied and strict proof thereof demanded.

199.    Denied and strict proof thereof demanded.

200.    Denied and strict proof thereof demanded.

## XII.    CLAIMS FOR RELIEF

### COUNT ONE

### UNLAWFUL MONOPOLIZATION IN VIOLATION OF SECTION 2 OF THE SHERMAN ANTITRUST ACT

201.    ANC incorporates by reference its responses to Paragraphs 1 through 200, as if set forth at length herein.

202.    ANC denies the allegations of this paragraph.

203.    ANC denies the allegations of this paragraph.

204.    ANC denies the allegations of this paragraph.

205.    ANC denies the allegations of this paragraph.

206.    ANC denies all the allegations of this paragraph, and it specifically denies that Plaintiffs have been injured, that they possess the requisite standing to bring these claims, or that they would be a proper class representative. ANC further denies that class status is appropriate or permitted for these alleged claims.

## COUNT TWO

## RESTRAINT OF TRACE IN VIOLATION OF
## SECTION 1 OF THE SHERMAN ANTITRUST ACT

207.    ANC incorporates by reference its responses to Paragraphs 1 through 206, as if set forth at length herein.

208.    ANC denies the allegations of this paragraph.

209.    ANC denies the allegations of this paragraph.

210.    ANC denies the allegations of this paragraph.

211.    ANC denies the allegations of this paragraph.

212.    ANC denies the allegations of this paragraph.

213.    ANC denies the allegations of this paragraph, and ANC specifically denies that Plaintiffs have been injured, that they possess the requisite standing to bring these claims, or that they would be a proper class representative. ANC further denies that class status is appropriate or permitted for these alleged claims.

## XIII.  AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to ANC in this matter.  ANC accordingly preserves the right to assert those defenses.  Upon completion of discovery, if the facts warrant, ANC may withdraw any of these defenses as may be appropriate.

By setting forth these defenses, ANC does not assume the burden of proving any fact, issue, or element of a cause of action where that burden properly belongs to the Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject necessarily is relevant to Plaintiff's allegations. ANC further reserves the right to amend this Answer, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of defenses, ANC states as follows:

1.    Plaintiffs fail to state a claim, in whole or in part, for which relief can be granted.

2.    Plaintiffs and the purported class do not have standing, including antitrust standing, to assert their claims and/or to seek some or all of the requested relief under applicable law.

3.    Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because they are indirect purchasers of the services on which the claims are based.

4.    Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, to the extent that Plaintiffs seek damages that constitute duplicative recovery prohibited by the Due Process Clause of the U.S. Constitution and/or the North Carolina Constitution.

5.    Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, to the extent ANC is entitled to set off any amounts paid to Plaintiffs by any third parties or Defendants other than ANC for any of the alleged injury or damages in this action.

6.    Plaintiffs' claims are barred, in whole or in part, because of their failure to join necessary or indispensable parties, as required for a proper adjudication of this action.

7.    Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the applicable statute(s) of limitations.

8.    Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the doctrine of laches.

9.    Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because Plaintiffs have not sustained and they will not sustain any cognizable injury or antitrust injury under applicable law caused by any act or omission of any Defendant.

10.   Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because Plaintiffs' alleged injuries were not proximately caused by any act or omission of any Defendant.

11.   Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because Plaintiffs' alleged injuries, if any, resulted from the acts or omissions of third parties over whom Defendants had no control, which constitute intervening or superseding causes of harm.

12.   Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because there has been no adverse harm to competition.

13. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because there has been no adverse harm to consumers or to consumer welfare.

14. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the alleged conduct of Defendants did not unreasonably restrain trade and/or because any restraints were ancillary to legitimate and procompetitive activities.

15. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because any alleged adverse harm to competition is outweighed by the procompetitive benefits or effects of Defendants' acts or omissions.

16. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because Defendants at all times and in all relevant matters acted reasonably, serving legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition.

17. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the Consolidated Class Action Complaint does not allege any relevant antitrust markets or submarkets and Plaintiffs cannot carry their burden of defining proper antitrust relevant markets or submarkets.

18. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the Consolidated Class Action Complaint does not allege that Defendants had market power or monopoly power and Plaintiffs cannot carry their burden of proving that Defendants had market power or monopoly power.

19. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the doctrine of estoppel.

20. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the doctrines of waiver or acquiescence.

21. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, to the extent that they or their health plans or insurers agreed to arbitration or mediation for resolution of their claims.

22. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because they or their health plans or insurers consented to the contractual agreements that Plaintiffs challenge.

23. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, under the filed rate doctrine because the North Carolina Department of Insurance regulates health insurance rates and premiums, and any such rates and premiums are per se reasonable and not judiciable. *See* N.C.G.S. § 58-67-50(b)(2)-(3) ("Premiums shall not be excessive, inadequate, or unfairly discriminatory, and shall exhibit a reasonable relationship to the benefits provided by the evidence of coverage.").

24. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the acts alleged to have been performed by Defendants were privileged acts and/or subject to the learned profession exemption under N.C. Gen. Stat. § 75-1.1(b).

25. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the provisions of N.C. Gen. Stat. § 131E-192.5, the statute pursuant to which Mission Heath was issued a Certificate of Public Advantage.

26. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the state action doctrine.

27. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, by the Noerr-Pennington doctrine, the First Amendment of the United States Constitution, and/or the North Carolina Constitution.

28. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, under the doctrine of unclean hands.

29. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the damages sought by Plaintiffs on behalf of themselves and the purported class are speculative.

30. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because the alleged injury and damages are not attributable to the acts or omissions of ANC, or because of Plaintiffs' failure to properly allocate any alleged injury or damages among the Defendants.

31. Plaintiffs' claims (on behalf of themselves and the purported class) are barred, in whole or in part, because Plaintiffs and the purported class failed to mitigate their damages.

32. Plaintiffs' requests for injunctive, equitable, and/or declaratory relief (on behalf of themselves and the purported class) are barred because an adequate remedy is available at law.

33.  With respect to each and every allegation of the Consolidated Class Action Complaint related to the request for class certification, class certification is not appropriate because Plaintiffs have not met and are not capable of meeting the requirements of Rule 23 of the Federal Rules of Procedure, given, among other reasons, there is a lack of:

> (a) numerosity;
> (b) commonality or community of interest;
> (c) typicality;
> (d) a reasonably ascertainable class;
> (e) adequate representation;
> (f) appropriateness of relief to the putative class as a whole;
> (g) predominance of common questions over questions affecting individual class members;
> (h) substantial benefit to the litigants and the court;
> (i) superiority of a class action to other available methods for fair and efficient adjudication;
> (j) impracticality of joinder of all putative class members.

34.  Plaintiffs' prayer for attorneys' fees should be stricken, in whole or in part, because there is no basis, factual, legal or otherwise, to support an award of attorneys' fees.

35.  ANC adopts and incorporates by reference any applicable affirmative defense set forth by any other Defendant in this action not expressly set forth herein.

## XIV.  RESERVATION OF RIGHTS

ANC has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent throughout the course of the action. ANC reserves the right to amend, or seek to amend, its answer or affirmative defenses.

## XV.  PRAYER FOR RELIEF

WHEREFORE, ANC requests that the Court enter judgment in its favor as follows:

A. The Consolidated Class Action Complaint be dismissed in its entirety with prejudice;

B. None of the Consolidated Class Action Complaint's contemplated relief issues to Plaintiffs;

C. That the Court award ANC its costs and expenses, including attorneys' fees; and

D. The Court award further relief as it may deem just and proper.

## XVI.  DEMAND FOR A JURY TRIAL

ANC demands a trial by jury on all matters triable to a jury.

Dated: April 12, 2024                    Respectfully submitted,

/s/ Dana C. Lumsden
Dana C. Lumsden (N.C. Bar No. 32497)
Anna-Bryce Hobson (N.C. Bar No. 54260)
Hanna E. Eickmeier (N.C. Bar No. 54927)
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone:   704-338-6034
Facsimile:    704-332-8858
dlumsden@bradley.com
ahobson@bradley.com

Kenneth M. Vorrasi (admitted *pro hac vice*)
Jonathan H. Todt (N.C. Bar No. 52952)
Alison M. Agnew (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW, Suite 1100
Washington, D.C.  20005
Telephone:   202-842-8800
Facsimile:    202-842-8465
kenneth.vorrasi@faegredrinker.com
jonathan.todt@faegredrinker.com
alison.agnew@faegredrinker.com

Paul H. Saint-Antoine (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103
Telephone:   215-988-2700
Facsimile:    215-988-2757
paul.saint-antoine@faegredrinker.com

*Counsel for the ANC Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify on this 12th day of April, 2024, that the foregoing Answer was filed via the Court's electronic filing system, which served copies upon all counsel of record.

/s/ Jonathan H. Todt
Jonathan H. Todt (N.C. Bar No. 52952)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW, Suite 1100
Washington, D.C. 20005
Telephone: 202-842-8800
Facsimile: 202-842-8465
jonathan.todt@faegredrinker.com

*Counsel for the ANC Defendants*