# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

|  |  |
|---|---|
| **IN RE MISSION HEALTH ANTITRUST LITIGATION** | **Civil No.: 1:22-cv-00114-MR** <br><br> **JURY TRIAL DEMANDED** |

---

## CERTIFICATION AND REPORT OF
## F.R.C.P. 26(f) CONFERENCE AND DISCOVERY PLAN

---

Pursuant to Western District of North Carolina Local Rule 16.1, the Court's April 15, 2024 Order, and Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiffs City of Brevard, North Carolina, Buncombe County, North Carolina, City of Asheville, North Carolina, and Madison County, North Carolina (collectively, "Plaintiffs") and Defendants HCA Healthcare, Inc., HCA Management Services, LP, and HCA, Inc., MH Master Holdings, LLLP, MH Hospital Manager, LLC, MH Mission Hospital, LLLP (collectively, the "HCA Defendants"), and ANC Healthcare, Inc. f/k/a Mission Health System, Inc., and Mission Hospital, Inc. (collectively, the "ANC Defendants" and together with the HCA Defendants, "Defendants") (Plaintiffs and Defendants together, the "Parties"), by their respective counsel, jointly submit this Certification and Report of F.R.C.P. 26(f) Conference

and Discovery Plan in the above-captioned case (the "Action").

1. **Certification of Conference**

Pursuant to Fed. R. Civ. P. 26(f), the undersigned counsel for the Parties in the Action met by videoconference on March 6, April 8, and April 26, 2024.

2. **Pre-Discovery Disclosures**

The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by May 17, 2024.

3. **Discovery Plan**

The Parties propose to the Court the following discovery plan (with the Parties' disagreements noted):

a) Plaintiffs' proposed schedule:

| Event/Deadline | Plaintiffs' Proposal |
|---|---|
| **Deadline to Serve Initial Disclosures** | Friday, May 17, 2024 |
| **Deadline to Begin Rolling Production of Documents and Data in Response to Requests for Production Served on or Before April 26, 2024** | Wednesday, July 3, 2024 |
| **Deadline to Substantially Complete Production of Transactional Data in Response to Requests for Production Served on or Before April 26, 2024** | Friday, October 11, 2024 |
| **Deadline to Substantially Complete Production of Documents and Data in Response to Requests for Production Served on or Before April 26, 2024** | Wednesday, October 16, 2024 |

| Event/Deadline | Plaintiffs' Proposal |
|---|---|
| Deadline for completion of non-expert depositions | Monday, June 30, 2025 |
| Fact Discovery Cutoff[1] | Friday, August 8, 2025 |
| Opening Expert Reports[2] | Friday, September 12, 2025 |
| Opposing Expert Reports | Friday, October 24, 2025 |
| Rebuttal Expert Reports[3] | Friday, December 5, 2025 |
| Deadline for Expert Witness Depositions[4] | Friday, January 23, 2026 |
| Motion to Certify Class and *Daubert* Motions Related to Class Certification | Friday, February 20, 2026 |
| Opposition to Motion to Certify Class and Opposition to *Daubert* Motions Related to Class Certification | Friday, March 20, 2026 |

---

[1] Interrogatories and Requests for Admission, other than those Requests for Admission regarding the admissibility of evidence (including authenticity and foundation issues), must be served no later than (Plaintiffs' proposal: 30)/(Defendants' proposal: 60) days before this deadline.

[2] As explained below, it is Plaintiffs' proposal that "Opening Expert Reports" include expert opinions pertaining to any issue on which a Party believes it has or may have the evidentiary burden of proof or production, including issues relating to class certification, liability, and damages. Such expert report sequencing is the most efficient way to proceed and is increasingly adopted by federal courts around the country in complex antitrust matters.

[3] At the time rebuttal reports are served, the party sponsoring the witness will provide three available dates that would allow the opposing party to depose such expert by the deadline to depose expert witnesses.

[4] Plaintiffs' proposal is that, absent agreement, the Parties are limited to one seven-hour deposition per expert.

Case 1:22-cv-00114-MR   Document 74   Filed 05/06/24   Page 3 of 24

| Event/Deadline | Plaintiffs' Proposal |
|---|---|
| | |
| **Reply in Support of *Daubert* Motion** | Friday, April 17, 2026 |
| **Reply in Support of Motion to Certify Class** | Friday, April 24, 2026 |
| **Hearing on Motion for Class Certification and Related *Daubert* Motions** | At the Court's Convenience |
| **Motions for Summary Judgment and *Daubert* Motions Related to Summary Judgment** | 60 days after the Court's decision on Motion to Certify Class. |
| **Oppositions to Motions for Summary Judgment and Oppositions to *Daubert* Motions Related to Summary Judgment** | 95 days after the Court's decision on Motion to Certify Class |
| **Replies in Support of Motions for Summary Judgment and Replies in Support of *Daubert* Motions Related to Summary Judgment** | 130 days after the Court's decision on Motion to Certify Class |
| **Hearing on Motion for Summary Judgment** | At the Court's Convenience |
| **Final Pretrial Conference** | Monday, April 19, 2027 |
| **Trial** | Monday, May 10, 2027 |

b) <u>Defendants' Proposed Schedule</u>:

| Event/Deadline | Defendants' Proposal |
|---|---|
| **Deadline to Serve Initial Disclosures** | Friday, May 17, 2024 (same as Plaintiffs' proposal) |
| **Deadline to Begin Rolling Production of Documents and Data in Response to Requests for Production Served on or Before April 26, 2024** | Wednesday, July 3, 2024 (same as Plaintiffs' proposal) |
| **Deadline to *Substantially* Complete Production of Transactional Data in Response to Requests for Production Served on or Before April 26, 2024** | Friday, October 11, 2024 (same as Plaintiffs' proposal) |
| **Deadline to Substantially Complete Production of Documents and Data in Response to Requests for Production Served on or Before April 26, 2024** | Friday, December 20, 2024 |
| **Deadline for completion of non-expert depositions** | Monday, June 30, 2025 (same as Plaintiffs' proposal) |
| **Fact Discovery Cutoff** | Friday, August 8, 2025 (same as Plaintiffs' proposal) |
| **Motion to Certify Class and Opening Expert Reports[5]** | Friday, October 17, 2025 |

---

[5] As explained below, Defendants' position is that the parties should first litigate class certification before any side is required to produce expert reports on issues related to liability or damages, as class experts address distinct issues under Rule 23(a) and Rule 23(b)(3), including whether there is a predominance of common proof over individualized issues, which the Court should resolve "[a]t an early practicable time" after the commencement of the action.

Defendants propose that Plaintiffs' motion for class certification be due the same date as their opening expert report (e.g., October 17, 2025 in Defendants' proposed schedule), that Defendants' opposition to class certification be due the same date opposition expert reports are due (e.g., December 19, 2025 in Defendants'

| Event/Deadline | Defendants' Proposal |
|---|---|
| | |
| **Opposition to Motion to Certify Class, Opposing Expert Reports, and Defendants' *Daubert* Motions Related to Class Certification** | Friday, December 19, 2025 |
| **Plaintiffs' Opposition to Defendants' *Daubert* Motions** | Monday, January 19, 2026 |
| **Defendants' reply in support of *Daubert* Motions** | Wednesday, February 18, 2026 |
| **Reply in Support of Motion to Certify Class, Rebuttal Expert Reports, and Plaintiffs' *Daubert* Motions Related to Class Certification** | Friday, February 27, 2026 |
| **Defendants' Opposition to Plaintiffs' *Daubert* Motions** | Monday, March 30, 2026 |
| **Deadline for Expert Witness Depositions[6]** | Friday, April 17, 2026 |

schedule) and Plaintiffs' reply brief in support of class certification be due the same date rebuttal expert reports are due (e.g., February 27, 2026 in Defendants' proposed schedule). *Daubert* motions with respect to experts offered in support of or in opposition to class certification would follow a similar schedule—i.e., any motions to exclude Plaintiffs' expert(s) would be due when Defendants' opposition to the motion for class certification is due, and any motions to exclude Defendants' expert(s) would be due when Plaintiffs' reply on their motion for class certification is due—with further briefing staggered by 30 days.

[6] Defendants' position: the parties may depose each expert after any expert report is served, with a presumptive limit of seven hours per deposition absent good cause shown.

| Event/Deadline | Defendants' Proposal |
|---|---|
| **Plaintiffs' Reply in Support of *Daubert* Motion** | Friday, April 30, 2026 |
| **Hearing on Motion for Class Certification and Related *Daubert* Motions** | At the Court's Convenience |
| **Motions for Summary Judgment, Merits Expert Reports, and *Daubert* Motions Related to Merits Experts** | Parties to submit proposed Case Management Schedule within 30 days after the Court's decision on Motion to Certify Class |

*Plaintiffs' explanation*:

There are four reasons that Plaintiffs' proposals are better—more efficient and more fair—than Defendants' proposals.

***First***, Plaintiffs propose a single period of expert reports covering the overlapping "class certification" and "merits" issues. Defendants, on the other hand, propose separate periods, separated by many months, for class certification and merits expert reports.

Under current antitrust class action jurisprudence, class certification expert reports and merits expert reports are necessarily largely, if not entirely, overlapping. At class certification, Plaintiffs have the burden of showing that their case can be proved with predominantly classwide evidence. *See, e.g., Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453-460 (2016); *Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 459-60, 467-70 (2013); *see also Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (class certification analysis in antitrust cases

will "frequently entail overlap with the merits of the plaintiff's underlying claim," because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action").[7] There is very little, if any, daylight between the expert testimony needed for "class" and for "merits."

Put another way, the best way to show that Plaintiffs' case *is capable of* class-wide proof *is actually to lay out workable methods, using class-wide evidence, of proving liability, injury, and damages*. That is what Plaintiffs' experts will do in their class certification reports, and that is also what Plaintiffs' experts will do in their merits reports. Indeed, such merits-based detail is needed for the Court to perform the "rigorous analysis" required in analyzing Plaintiffs' class certification motion. *See Comcast*, 569 U.S. at 33 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)).[8]

---

[7] Under Fed. R. Civ. P. 23(b)(3), Plaintiffs must show that their case as a whole or one or more of its constituent parts is capable of proof on a predominantly class-wide basis. *Tyson Foods*, 577 U.S. at 453 ("When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3).") (quotation omitted).

[8] Plaintiffs' counsel have successfully litigated multiple prior complex antitrust cases with court-approved schedules similar to what Plaintiffs propose here, often with the agreement of the defendants. *See, e.g.,* Case Mgmt. Order No. 1, *Carbone, et al. v. Brown University, et al.,* No. 22-cv-00125 (N.D. Ill, Sept. 8, 2022), ECF No. 195; Order, *Uriel Pharm. Health & Welfare Plan v. Advocate Aurora Health, Inc.*, No. 22-cv-610 (E.D. Wisc. Aug. 16, 2023), ECF No. 41; Prelim. Pretrial Conference

Defendants' proposed schedule, on the other hand, would impose two largely redundant and separate rounds of expert reports—back-to-back—one for reports pertaining to class certification, and then another pertaining to the "merits" of the case. Defendants' extra round of expert reports for the merits of the case, will come with a second redundant round of *Daubert* briefing relating to these merits expert reports. The second round of merits expert reports, which will necessarily cover the same topics as the class certification expert reports, will simply function as a series of sur-rebuttals to the same issues that were the subject of the earlier class certification reports. This redundancy will add a huge amount of expense and several

---

Order, *Team Schierl Cos., et al. v. Aspirus, Inc., et al.*, No. 22-cv-00580 (W.D. Wisc. Feb. 24, 2023), ECF No. 35; Pretrial Order No. 5, *In re: Google Digital Advertising Antitrust Litig.*, 21-md-3010 (S.D.N.Y. Nov. 21, 2022), ECF No. 394; Case Mgmt. Order, *In re: Geisinger Health & Evangelical Community Hosp. Healthcare Workers Antitrust Litig.*, No. 4:21-cv-00196 (M.D. Pa. Feb. 7, 2022), ECF No. 80; Stipulated Order Regarding Am. Case Schedule As Modified*, Simon and Simon, PC. V. Align Tech., Inc.*, No. 3:20-cv-03754 (N.D. Cal. May 18, 2021), ECF No. 106; Scheduling Order, *Fusion Elite All Stars, et al. v. Varsity Brands, LLC, et al.* No. 20-cv-2600 (W.D. Tenn. Oct. 15, 2020), ECF No. 61; Case Mgmt. Order No. 1*, In Re: Broiler Chicken Grower Antitrust Litig.*, No. 6:17-cv-00033 (E.D. Okla. Apr. 13, 2020), ECF No. 312; Further Am. Scheduling Order, *In re Lipitor Antitrust Litig.*, No. 3:12-cv-02389 (D.N.J. Oct. 1, 2019), ECF No. 899; Corrected Seventh Am. Scheduling Order, *In re: Niaspan Antitrust Litig.*, No. 13-MD-2460 (E.D. Pa. Nov. 16, 2018), ECF No. 570; Scheduling Order, *In re Dental Supplies Antitrust Litig.*, No. 16-cv-696 (E.D.N.Y. April 10, 2017), ECF No. 177; Scheduling Order Regarding Discovery & Briefing on Mot. for Class Certif*, In re: Domestic Airline Travel Antitrust Litig.*, MDL No. 2656, 15-MC-01404 (D.D.C. Jan. 30, 2017), ECF No. 152; Discovery Plan & Scheduling Order, *Le v. Zuffa, LLC*, No. 2:15-cv-01045 (D. Nev. Oct. 14, 2016), ECF No. 311. These case management orders are provided in the attached Exhibit A.

additional months to the schedule. For this reason, it is increasingly the case that courts are combing expert discovery as Plaintiffs propose.

**Second**, Plaintiffs propose one seven-hour deposition per expert during a single period for expert depositions (*see* n.4, *supra*). Defendants, on the other hand, propose a seven-hour deposition following each report (*see* n.6, *supra*)—*i.e.*, one full deposition following an opening report and one following a rebuttal report—meaning that, combined with Defendants' proposal for separate class certification and merits expert reports, some experts (mainly Plaintiffs' experts) would be deposed *four times* on the same issues. This is simply compounding the inefficiency inherent in Defendants' proposal to separate the class certification and merits expert reports. There is no reason that any expert should be subject to four seven-hour depositions on the same issues.

**Third**, Plaintiffs propose that the expert discovery record be closed before the parties begin briefing class certification and summary judgment. Defendants' proposal has the parties providing expert reports at the same time as the briefs, meaning that the expert record would continue unfolding as the briefing does. In Plaintiffs' counsel's experience over many antitrust cases, this often results in the parties being "two ships passing in the night" on crucial expert issues. For example, a party often introduces new analyses in rebuttal expert reports to respond to analyses in opposition expert reports. Under Defendants' proposed schedule, these rebuttal

opinions would come after a party opposing a motion has filed its brief. This often results in requests for sur-rebuttal reports and sur-reply briefs, which will burden the Court and the parties with satellite litigation and inevitably draw out the schedule.

**Fourth**, Plaintiffs propose that *Daubert* motions related to class certification should run concurrently with the class certification briefing, and that *Daubert* motions related to summary judgment should run concurrently with summary judgment briefing. Defendants, on the other hand, propose that a party file its opening *Daubert* brief with its opposition brief—*e.g.*, that Defendants' opening *Daubert* brief on issues in class certification reports be filed at the same time as Defendants' opposition to class certification. This schedule is bad for two reasons. Most problematically, it means that Defendants' reply on *Daubert* will be filed after Plaintiffs' class reply, essentially giving *Defendants* the last word on class certification, even though Plaintiffs have the burden of proof on class certification. Additionally, Defendants' proposal just builds further delay into their already extended schedule.

Finally, Defendants make two primary arguments for their schedule, both of which should be rejected. First, Defendants argue that the "one way intervention" rule favors their schedule. That is meritless. "One way intervention" is intended to prevent a situation where there is a ruling on the merits of the case—typically at summary judgment—before the proposed class has had a chance to opt out. *See* 3

*Newberg on Class Actions* § 7:11 (6th ed. Nov. 2023 update). The concern is that a ruling adverse to the class would cause the class members to opt out. This is a meritless argument because under Plaintiffs' schedule, summary judgment briefing would not begin until after a decision on class certification. Second, Defendants' efficiency argument—*i.e.*, that the parties would not need to put forth expert opinions on issues that pertain only to the merits if the Court denies class certification—ignores the fact that there are essentially no "merits" issues irrelevant to class certification under current case law. That is, Defendants will almost certainly argue that every expert issue is relevant to the Court's decision whether to certify the proposed class. And if there is any small area of anticipated expert testimony where that is not the case—and Defendants have identified none—that is greatly outweighed the overall inefficiency, delay, and expense of Defendants' proposed schedule.

Plaintiffs' proposal requires a significantly shorter amount of time for the matter to reach determination. The schedule proposed by Plaintiffs is more efficient and seeks to conserve the resources of the Court and the Parties, consistent with Rule 1.

**Defendants' explanation**:

Defendants' view is that litigating and resolving class certification before engaging in merits expert discovery and dispositive motion practice with respect

liability and damages is appropriate for procedural and substantive reasons. While there may be some, limited overlap between class and merits issues, a class must be certified before issues of liability and damages should be addressed, and class certification experts must address distinct issues.

*First*, Defendants are entitled to resolve summary judgment after a ruling on class certification to avoid the so-called "one-way intervention" under Rule 23, in which a defendant would be bound by a ruling on the merits but an absent class member would not be similarly bound because they can simply opt out if the rulings is adverse to the class. *See e.g.*, *Koehler v. USAA Cas. Ins. Co.*, No. CV 19-715, 2019 WL 4447623, at *5 (E.D. Pa. Sept. 17, 2019) (holding that "[b]ecause a decision on Plaintiff's motion [for partial summary judgment] will impact the merits of Plaintiff's class claims, Defendant is 'entitled' to have a ruling on the merits motion deferred until after class certification, so that the currently-absent class members will also be bound."); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2021 WL 9870367, at *9 (E.D. Va. May 7, 2021) (deferring rulings on summary judgment and certain other dispositive motions due to the rule against one-way intervention until class certification proceedings are concluded); *Spring House Tavern, Inc. v. Am. Fire & Cas. Co.*, 2020 WL 6381396, *375 (E.D. Pa. Oct. 30, 2020) (dismissing without prejudice a motion for summary judgment pending the Court's determination as to class certification, citing the rule against one-way

intervention). While Plaintiffs' proposal would have merits briefing after a judgement on class certification, it would still require all of the related expert work be completed prior to a decision on class certification. Doing so is inefficient and still risks prejudicing Defendants by locking in their arguments on merits prior to a decision on class certification.

*Second,* it is also more efficient to propound merits expert reports and brief any dispositive motions with respect to liability and damages after resolving class certification motions. First, if the Parties litigate class certification first, there may be no need for experts on liability and damages at all if no class is certified (and, as a result, some or all Plaintiffs decide not to proceed any further with the litigation). Second, a ruling on class certification will almost certainly inform how and in what manner the Parties will litigate merits issues and the scope of any damages. The decision could redefine the scope of the Plaintiff's claims, the scope of the class, and/or the types of evidence the court will consider in connection with liability and damages. Contrary to Plaintiffs' suggestions about efficiency, it would be inefficient, costly, and burdensome for the parties to have to re-do merits expert work after a class certification decision alters the claims and/or damages. Third, while Plaintiffs assert that bifurcated briefing would result in duplicative or redundant briefing, that is not the case. The class certification and merits inquiries are different. While Plaintiffs may choose to submit expert reports that address both

class certification and merits, Defendants will undoubtedly choose to submit separate expert analyses. Finally, Defendants propose that *Daubert* motions with respect to class experts be filed at the same time as Defendants' Opposition to Plaintiffs' motion for class certification and Plaintiffs' Reply in support of their motion for class certification, as the arguments raised in any *Daubert* motion will substantially overlap with those made in substantive briefs regarding class certification. Thus, adopting Defendants' proposal—not Plaintiffs' proposal—will avoid "redundant" experts or redundant briefing.[9]

---

[9] Defendants are aware of many complex antitrust litigations that have been litigated under a schedule in line with Defendants' proposal. *See, e.g.*, Joint Proposed Scheduling Order, *Brown et al. v. Hartford Healthcare Corp.*, No. X03-cv22-6152239 (Conn. Super. Ct., Mar. 13, 2023), ECF No. 32; Initial Scheduling Order, *Conner et al. v. Cleveland Cty. Emergency Med. Serv.*, No. 1:18-cv-00002 (W.D. N.C. Sept. 25, 2022) (Reidinger, C.J.), ECF No. 9; Case Management Order, *Martin v. Lowe's Companies Inc.*, No. 5:20-cv-00015 (W.D. N.C. Sept. 5, 2020) (Bell, J.), ECF No. 38; Order, *In re Cattle and Beef Antitrust Litig.*, No. 0:22-md-03031 (D. Minn. June 3, 2022), ECF No. 129; Order Amending the Pretrial Scheduling Order Regarding Class Certification Deadlines, *In re Pork Antitrust Litig.*, No. 0:21-md-02998 (D. Minn. June 22, 2021), ECF No. 65; Stipulation and Order Setting Case Schedule, *Staley et al. v. Gilead Sciences Inc., et al.*, No. 3:19-cv-02573 (N.D. Cal. May 14, 2019), ECF No. 342; Scheduling Order, *Moehrl et al. v. Nat'l Ass'n of Realtors, Realogy Holdings Corp.*, No. 1:19-cv-01610 (N. D. Ill. Mar. 6, 2019), ECF No. 196; Order, *In re: Local TV Advert. Antitrust Litig.*, No. 1:18-cv-06785 (N.D. Ill. Oct. 9, 2018), ECF No. 218; Jointly Proposed Pretrial Order No. 5, *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-md-02836 (E.D. Va. June 15, 2018), ECF No. 142; Scheduling Order, *Dicesare v. Charlotte-Mecklenburg Hosp. Auth.*, No. 16-cvs-16404 (N.C. Bus. Ct. April 27, 2018), ECF No. 105; Notification of Docket Entry, *Tichy v. Hyatt Corp. et al.*, No. 1:18-cv-01959 (N.D. Ill. Mar. 19, 2018), ECF No. 108, 152, 170, 175; Pretrial Order and Case Management Plan, *Peters et al. v. Aetna, Inc. et al.*, No. 1:15-cv-00109-MR (W.D. N. C. Aug. 31, 2016) (Reidinger,

*Third,* Defendants' proposal of taking depositions of experts after each report would not lead to compounded inefficiencies. The Parties will need more than one single deposition of an expert in order to ensure that they understand an expert's position before responding to their report. Plaintiffs will benefit from this as much as Defendants. Moreover, Defendants anticipate that the Parties will use good judgment in terms of the allocation of time and resources, and, thus, if Plaintiffs are right that a Plaintiffs' expert says the same thing on merits that it said at class, then there would be no need for a new deposition. Indeed, Plaintiffs' argument against these depositions assumes there would be different reports by the experts, which is precisely why Defendants propose staggered expert reports in the schedule.

*Finally,* Defendants' position is that it is important to have expert discovery correspond to the motions that are being litigated. Defendants' proposal would have expert discovery be open to allow for experts to be deposed commensurate with the reports that are issued and the motions that are being litigated. Plaintiffs' proposal that the record be closed ignores that class certification decisions often reframe the merits of plaintiffs' claims and defendants' defenses such that new expert reports

---

J.), ECF No. 61; Initial Pretrial Order and Case Management Plan, *Scott et al. v. Family Dollar Stores Inc.*, No. 3:08cv540 (W.D. N.C. Jan. 7, 2010) (Conrad, J.), ECF No. 78; Amended Scheduling Order, *In re Capacitors Antitrust Litig.*, No. 3:14cv03264 (N.D. Cal. July 18, 2014), ECF No. 735; Case Management Order, Stipulation and Order Amending Schedule, *In re Lidoderm Antitrust Litig.*, No. 3:14md02521 (N.D. Cal. April 3, 2014), ECF No. 584. These case management orders are provided in the attached Exhibit B.

and new expert discovery is appropriate.

b)    Discovery Limits:

1)    Maximum of 25 interrogatories by each side collectively to any side collectively, which shall be coordinated with the interrogatories served on Defendants in the action in the North Carolina Business Court, *Davis et al. v. HCA Healthcare, Inc. et al.*, No. 21-cv-3276 ("the State Litigation.").

2)    Maximum of 35 requests for admission by each side collectively to any other side collectively, except for requests for admission that relate solely to authenticity or admissibility of documents, for which there is no limit.

3)    **Plaintiffs' proposal**: Maximum of 175 hours per side for depositions of Parties or their current or former employees. Maximum number of non-party depositions per side to be determined. **Defendants' proposal**: Maximum of 16 depositions of current or former employees of the Parties, 12 of which shall be coordinated with the depositions taking place in State Litigation. Maximum 18 depositions of non-party depositions, subject to adjustment should the needs of the litigation require more, including as a result of any

coordination with the State Litigation.[10]

c)      Reports from retained experts under Rule 26(a)(2) will be due: *see* the Parties' scheduling proposals above.

## 4.    __Other Items__

The parties have discussed the issue of consent to the jurisdiction of a U.S. Magistrate Judge, and [ ] there is [X] there is not unanimous consent. [If the parties unanimously consent to Magistrate Judge jurisdiction, the parties shall also file with the Court a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (AO 85)].

a)      The Parties [X] request [ ] do not request a conference with the Court before entry of the scheduling order.

b)      All potentially dispositive motions should be filed by: *see* the Parties' scheduling proposals above.

c)      Settlement:

[ ] is likely

[ ] is unlikely

[X] cannot be evaluated prior to a time after which significant fact discovery has taken place.

---

[10] Defendants' proposal is consistent with the deposition limits proposed in the related state court case. *See* Case Management Report, *Davis, et al. v. HCA Healthcare, Inc. et al.,* 21-CVS-3276 (ECF No. 105).

[X] may be enhanced by use of the following ADR procedure:

    [ ] Mediated Settlement Conference

    [ ] binding arbitration

    [ ] judicial settlement conference

    [X] other <u>private mediation</u>.

The Parties agree that the above selected ADR procedure would be most useful if conducted:

    [ ] after resolution of any outstanding dispositive motions, but prior to further discovery;

    [ ] after an initial round of preliminary discovery to be completed by _____ (date);

    [X] after the completion of discovery;

    [ ] after resolution of summary judgment motions, if any

    [ ] not applicable.

d)    Final lists of witnesses and exhibits under Rule 26(a)(3) are due: to be determined at a later date.

e)     If the case is ultimately tried, trial is expected to take approximately <u>20</u>

days. Plaintiffs have demanded a jury trial. The Parties agree that it is

premature at this time, at the start of discovery, to estimate the total length of

any anticipated trial. With that caveat, the Parties estimate at this time that

such a trial will last approximately 20 trial days. Under the Plaintiffs'

proposed schedule, a jury trial commences on May 10, 2027.

f)     [X] The parties have discussed the issue of consent to the jurisdiction

of a U.S. magistrate judge. As noted above, there is not unanimous consent to

the jurisdiction of a U.S. Magistrate Judge.

**5.**     Please identify any other matters regarding discovery or case management
which may require the Court's attention (e.g., concerns re: confidentiality,
protective orders, etc., unmovable scheduling conflicts):

The Parties anticipate submitting the following documents for Court approval: (1)

a protective order governing the treatment of confidential materials produced in

discovery; (2) a protocol governing the production of electronically stored information

("ESI"); (3) a protocol governing the discovery of expert-related materials; and (4) a

proposed protocol providing for coordination of discovery between this litigation and

the related State Litigation.

Respectfully submitted this 6th day of May, 2024.

/s/ *Abram Ellis*
Abram Ellis (admitted pro hac vice)
Sara Razi (admitted pro hac vice)
SIMPSON THACHER & BARTLETT LLP
900 G Street NW, Ste. 900
Washington DC, 20001
Phone: (202) 636-5500
aellis@stblaw.com
sara.razi@stblaw.com

Phillip T. Jackson (N.C. Bar No. 21134)
John Noor (N.C. Bar No. 43102)
David Hawisher (N.C. Bar No. 55502)
ROBERTS & STEVENS, PA
P.O. Box 7647
Asheville, NC 28802
Phone: (828) 252-6600
pjackson@roberts-stevens.com
jnoor@roberts-stevens.com
dhawisher@roberts-stevens.com

*Counsel for Defendants HCA Healthcare, Inc.,*
*HCA Management Services, LP, HCA, Inc.,*
*MH Master Holdings, LLP, MH Hospital Manager, LLC,*
*and MH Mission Hospital, LLLP.*

/s/*Dana C. Lumsden*
Dana C. Lumsden (N.C. Bar No. 32497)
Anna-Bryce Hobson (N.C. Bar No. 54260)
Hanna E. Eickmeier (N.C. Bar No. 54927)
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: 704-338-6034
Facsimile: 704-332-8858
dlumsden@bradley.com
ahobson@bradley.com
heickmeier@bradley.com

Kenneth M. Vorrasi (admitted pro hac vice)
Jonathan H. Todt (N.C. Bar No. 52952)
Alison M. Agnew (admitted pro hac vice)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, NW
Suite 1100 Washington, D.C. 20005
Telephone: 202-842-8800
Facsimile: 202-842-8465
kenneth.vorrasi@faegredrinker.com
jonathan.todt@faegredrinker.com
alison.agnew@faegredrinker.com

Paul H. Saint-Antoine (admitted pro hac vice)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103
Telephone: 215-988-2700
Facsimile: 215-988-2757
paul.saint-antoine@faegredrinker.com

*Counsel for Defendants ANC Healthcare, Inc.
f/k/a Mission Health System, Inc., and Mission Hospital, Inc.*

/s/ Robert N. Hunter, Jr.
Robert N. Hunter, Jr.                    Eric L. Cramer*
Fred Berry                               Jacob M. Polakoff*
John F. Bloss                            BERGER MONTAGUE PC
HIGGINS BENJAMIN, PLLC                   1818 Market Street, Suite 3600
301 North Elm Street, Suite 800          Philadelphia, PA 19103
Greensboro, NC 27401                     Phone: (215) 875-3000
Phone: (336) 273-1600                    ecramer@bm.net
Facsimile: (336) 274-4650                jpolakoff@bm.net
rnhunter@greensborolaw.com
fberry@greesnborolaw.com
jbloss@greensborolaw.com

Brendan P. Glackin*                      Robert E. Litan*
Dean M. Harvey*                          Daniel J. Walker*
LIEFF CABRASER HEIMANN &                 BERGER MONTAGUE PC
BERNSTEIN, LLP                           1001 G Street, NW

275 Battery Street, Suite 2900
San Francisco, CA 94111
Phone: (415) 956-1000
bglackin@lchb.com
dharvey@lchb.com

Suite 400 East
Washington DC, 20001
Phone: (202) 559-9745
rlitan@bm.net
dwalker@bm.net

Daniel E. Seltz*
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Phone: (212) 355-9500
dseltz@lchb.com

*Counsel for Plaintiffs and the Proposed Class*
*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all parties in the above entitled action via CM/ECF filing.

This the 6th day of May, 2024.

/s/ *Abram Ellis*
Abram Ellis (admitted pro hac vice)
SIMPSON THACHER & BARTLETT LLP
900 G Street NW, Ste. 900
Washington DC, 20001
Phone: (202) 636-5500
aellis@stblaw.com