**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:22-cv-114**

|  |  |  |
|---|---|---|
| | **)** | |
| | **)** | |
| | **)** | |
| **IN RE MISSION HEALTH** | **)** | **INITIAL SCHEDULING ORDER** |
| **ANTITRUST LITIGATION** | **)** | |
| | **)** | |
| | **)** | |
| | **)** | |

## INITIAL SCHEDULING ORDER

**IN ACCORDANCE WITH** the Local Rules of the Western District of

North Carolina and pursuant to Rule 16 of the Federal Rules of Civil

Procedure, the undersigned enters the following Initial Scheduling Order in

this matter.

| DEADLINES AT A GLANCE | |
|---|---|
| Rule 26 Disclosures | June 17, 2024 |
| Designation of Mediator | July 1, 2024 |
| Completion of Discovery | December 31, 2024 |
| Retained Expert Report Disclosures: | |
|    - Reports from Party w/ Burden | February 1, 2025 |
|    - Responsive from Party w/o Burden | March 1, 2025 |
| Completion of Retained Expert Depositions | April 1, 2025 |
| Mediation | Before May 1, 2025 |
| Motion for Class Certification | May 1, 2025 |
|       Responses Due | June 1, 2025 |

I.

    A.    TRACK ASSIGNMENT:  This case is assigned to the COMPLEX Case Management Track.

    B.    This Order sets forth certain requirements for the parties to follow in preparing for and trying a civil case before this Court.  These requirements are not a mere formality but rather are essential to the efficient administration of the trial.  A party's failure to comply with the requirements set forth in this Order may subject such party to an

2

administrative fine for interfering with the efficient administration of the trial.

II.

A.    DISCOVERY GUIDELINES: (1) Each side (collectively) may propound no more than **25** single part interrogatories to any other party; each side (collectively) may submit no more than **35** requests for admissions to any other party.[1]

(2) Each side may take the following depositions:[2]

    (a)  up to **4** depositions lasting up to <u>14 hours</u> each;

    (b)  up to **15** depositions lasting up to <u>4 hours</u> each;

    (c)  up to **15** depositions lasting up to <u>2 hours</u> each.

All time used by a party in undertaking cross examination during a deposition shall be deducted from the time allotted to that party for the same category of deposition. For instance, if the Plaintiffs' side takes a category (a) deposition and the Defendants' side conducts a 2 hour cross examination as part of that deposition, then one of

---

[1] This is exclusive of requests for admissions regarding the authenticity of documents.

[2] This is exclusive of retained expert depositions, which are discussed in Section H.

3

the Defendants' category (a) depositions shall be limited to 12 hours rather than 14.

(3) Parties may, however, by agreement, increase the numbers set forth in this paragraph, and if unable to agree, may then seek Court intervention by motion.

B.    RULE 26 DISCLOSURES: The information required by Federal Rule of Civil Procedure 26(a)(1) shall be exchanged no later than **June 17, 2024**.  The parties shall promptly supplement such disclosures as additional information is discovered during the pendency of the case.

C.    RESPONSES    TO    INTERROGATORIES    AND REQUESTS FOR ADMISSION: Every response to an interrogatory or request for admission, and every objection thereto, shall be preceded by the original number and complete text of the corresponding interrogatory or request for admission.

D.    THE MAINTENANCE OF DISCOVERY MATERIALS: Discovery materials are <u>NOT</u> to be filed.  All counsel are advised to consult the Local Rule which provides that

4

while depositions, interrogatories, and requests for admission, and responses thereto, must still be <u>served</u> on all parties, <u>they are no longer to be filed</u> unless upon order of the Court. The parties are responsible for the preservation of any and all discovery materials they may generate.

E.   PROTECTIVE ORDERS: Any objections made to discovery requests shall be accompanied by a draft proposed protective order if such order is, or will be, requested. When counsel submit proposed protective orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final order of the Court on the completion of litigation.

F.   DISCOVERY COMPLETION: All discovery, except for expert discovery, expert depositions, and *de bene esse* depositions, which are discussed below in sections G and H, shall be completed no later than **December 31, 2024**. Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with

5

this Order. Discovery requests that seek responses or schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown. The parties may consent to extensions of the discovery completion deadline so long as any such extension expires no later than fourteen (14) days prior to the motion for class certification deadline. If a party requests an extension of time to respond to discovery requests or to extend the discovery deadline, the result of consultation with opposing counsel must be stated in the motion.

G. DEPOSITIONS TAKEN FOR THE SOLE PURPOSE OF PRESERVING TESTIMONY FOR TRIAL: Depositions taken for the sole purpose of preserving testimony for trial are not considered discovery for the purposes of this section provided that 1) the witness will be unavailable for trial for one of the reasons set forth in Rule 32(a)(3) and 2) the reason for such unavailability is that the witness resides outside the subpoena power of this Court and the party seeking to take such deposition has failed, after

6

making a good faith effort, to obtain a commitment from the witness to testify at trial voluntarily, and 3) such deposition can be concluded in time so that the portions of the deposition to be used at trial can be designated and objections thereto resolved at the final pretrial conference. Such depositions should be presented at trial by video recording whenever possible.

H.   EXPERT WITNESSES: Each side shall be entitled to call up to **3** expert witnesses without further leave of the Court.

   (1)   Reports for retained experts under Rule 26(a)(2) will be due from the party with the burden of proof on a particular issue no later than **February 1, 2025**; responsive expert reports from the party without the burden of proof on a particular issue will be due no later than **March 1, 2025**.

   (2)   DEPOSITIONS OF EXPERTS: Each side may take retained expert depositions lasting up to 7 hours. All depositions of experts shall be completed no later than **April 1, 2025**.

(3) Non-retained experts—i.e., fact witnesses who by their training or experience are qualified to offer some related expert opinion even though they are not retained—must be disclosed by counsel as part of the initial disclosures. Such disclosure shall include the identity of the witness, the expected opinions of that witness, and the basis therefor. All discovery regarding such non-retained experts shall be completed by the discovery deadline set out in Section II. F.

(4) Supplementations under Rule 26(e) shall be ongoing throughout these proceedings.

### III.

A. MOTIONS DEADLINE: The Plaintiffs shall file any motion for class certification no later than **May 1, 2025**. The parties may not extend this deadline by agreement and stipulated extensions of the completion of discovery do not extend the Motions Deadline. All other Motions (*e.g.* Daubert Motions) with the exception of Dispositive Motions, shall also be filed on or before this date.

B.    MOTIONS HEARINGS: Hearings on motions ordinarily
will be conducted only when the Rules require a hearing,
or when the papers filed in support of and in opposition to
the motion do not provide an adequate basis for decision.
The Clerk will notify all parties of the date and time set for
the hearing.

C.    MEMORANDA IN SUPPORT OF MOTIONS: Every
motion shall include, or be accompanied by, a brief
written statement of the facts, a statement of the law,
including citations of authority and the grounds on which
the motion is based.  **Briefs filed in support of motions
may not exceed twenty-five (25) pages, unless some
greater limit is granted by the Court upon motion for
good cause.  Briefs must be double spaced and in at
least 14-point type.**  Motions not in compliance with this
order are subject to summary denial.  No memorandum,
however, need accompany those motions exempted from
this provision under Local Rule 7.2 and simple consent
motions, motions to continue, and motions to withdraw as

counsel, provided that such motions contain an adequate statement of the basis for the relief sought.

D.    RESPONSES TO MOTIONS: Responses to the Plaintiffs' motion for class certification shall be filed no later than **June 1, 2025**. Responses to other motions, if any, must be filed within fourteen (14) days of the date of service of the motion.  **Response briefs may not exceed twenty-five (25) pages, unless some greater limit is granted by the Court upon motion for good cause.  Response briefs must be double spaced and in at least 14-point type.**   The Court generally deems a motion ripe for determination upon the timely filing of the response but may, in its discretion, rule on a motion before the response time expires, if warranted by the circumstances. Where a motion is not responded to within the time provided, the Court may grant the relief requested, if good cause is shown in such motion.

E.    REPLIES: The filing of a reply brief is allowed only if the response raises new matters.  The reply shall be limited to a discussion of such newly raised matters.  **Reply**

**briefs should be filed no later than seven (7) days after the filing of the response and shall not exceed ten (10) pages, unless some greater limit is granted by the Court upon motion for good cause. Reply briefs must be double spaced and in at least 14-point type.**

F.    EXTENSIONS OF TIME TO RESPOND: If counsel need additional time to file a response, they shall file a motion for extension of time to respond <u>prior to the expiration of the response deadline</u>. The moving party must state within the motion what actions have been undertaken to consult with opposing counsel regarding the requested extension and must notify the Court of the views of opposing counsel regarding the request. If the party fails to make the requisite showing, the Court may summarily deny the request. Such motions for extension will be granted only upon a showing of cause and should be the exception rather than the rule.

G.    MOTIONS TO COMPEL: A motion to compel must include a statement by the movant that the parties have

11

conferred in good faith in an attempt to resolve the dispute and are unable to do so. Motions to compel must be filed within the discovery period or they may be deemed waived. After reviewing the merits of a motion and the response thereto, the Court may order the parties to confer again in a good faith attempt to resolve the dispute or to narrow the issues. Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure, the Court expects all parties to attempt in good faith to resolve discovery disputes without the necessity of Court intervention. Failure to do so may result in appropriate sanctions.

## IV. ALTERNATIVE DISPUTE RESOLUTION

A.      Mediation **IS** ordered in this case.

B.      Mediation shall be conducted before **May 1, 2025**. A further opportunity for mediation may be extended after class certification. However, a mediation shall be conducted before the deadline for class certification motions.

C.     No later than **July 1, 2024**, the parties shall select and agree upon a mediator and shall file with the Court a report stating the identity of the mediator selected. If the parties are unable to agree upon a mediator they shall, no later than **July 3, 2024**, file with the Court a report stating that they have been unable to agree upon a mediator and the reasons for such inability.

D.     Within seven (7) days of the completion of the mediation there shall be filed with the Court a Mediation Report which states whether all, a portion or none of the case has settled. The Mediation Report shall be filed with the Court electronically in such a form as to be docketed by the Clerk. It shall be the responsibility of the mediator to file the Mediation Report with the Court, except that if the mediator does not have an electronic case filing (ECF) account with the Clerk, then it shall be the responsibility of the Defendants to file the Mediation Report for the mediator. It is the responsibility of the Defendants to determine whether the mediator has an ECF account with the Clerk.

E. If this case is resolved by a settlement of the parties, whether at mediation or otherwise, the parties shall immediately notify the Court by filing a Notice of Settlement. The payors shall pay all sums required by the parties' settlement agreement and the parties shall file all such documents with the Court so as to effectuate the closing of the Court file within thirty (30) days of filing the Notice of Settlement, unless additional time is sought and granted by the Court. In the event that a settlement is reached within the thirty (30) days immediately preceding the motion for class certification deadline, the deadlines set forth in this Initial Scheduling Order will remain the same unless and until the parties file a "term sheet" with the Court setting out the basic terms of the parties' settlement agreement such that the agreement could be enforced by the Court. The term sheet may be filed under seal without seeking leave of Court to do so. Once the term sheet is filed, the parties will have thirty (30) days to file all such documents with the Court so as to effectuate the closing of the Court file.

## V.

To the extent that any provision of the Local Rules conflict with this Order, this Order shall govern. This Order is subject to modification only by Order of this Court and may not be modified by agreements among the parties.

In light of the complex nature of this case and the Court's schedule, as well as the extensive staffing of counsel for all parties, it is unlikely that any of the deadlines set forth herein will be extended absent a showing of extraordinary circumstances. The parties are advised to govern their schedules accordingly.

**IT IS SO ORDERED.**

Signed: June 11, 2024

Martin Reidinger
Chief United States District Judge