THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-114

|  |  |  |
|---|---|---|
| IN RE MISSION HEALTH ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) | **STIPULATED JOINT COORDINATION ORDER** |

**THIS MATTER** is before the Court on the Parties' Joint Motion for Entry of Stipulated Joint Coordination Order [Doc. 84].

**WHEREAS**, on August 8, 2022, two cases were consolidated as In re Mission Health Antitrust Litigation ("Federal Action"); and

**WHEREAS**, there is a case pending in North Carolina Business Court styled Davis, et al. v. HCA Healthcare, Inc., et al., 21 CVS 3476 ("State Action"); and

**WHEREAS**, the Federal Action and State Action involve similar allegations and the same defendants, such that discovery in the two proceedings will substantially overlap; and

**WHEREAS**, the parties wish to coordinate, to the extent practicable, the Federal and State Actions in order to reduce costs and avoid

unnecessary duplication of effort and to promote the efficient and speedy resolution of the Federal and State Actions; and

**WHEREAS**, counsel in the Federal Action have conferred with counsel in the State Action, who will jointly submit a substantially identical stipulation for approval in the State Action; and

**THEREFORE**, it is hereby stipulated and agreed that the following procedures for discovery and pretrial coordination shall be adopted:

### Use of Written Discovery

Requests for documents, interrogatories, and requests for admissions propounded in the Federal or State Action will be deemed to have been propounded and served in the other action as if they had been propounded under the applicable civil rules of the respective jurisdiction. Where possible, plaintiffs will endeavor to serve joint written discovery requests in accordance with the limits in the scheduling orders entered in each action. However, the parties will retain independent rights to propound written discovery where it is non-duplicative of discovery taken in one case or pertains to case-specific or class certification-specific issues. All parties reserve the right to seek good faith numerical limits on discovery through agreement or order of the Court upon a showing of good cause. The Federal Action's written discovery requests will be governed by federal law, including the Federal Rules of Civil

2

Procedure and the applicable local rules and orders of the federal court. The State Action's written discovery requests will be governed by North Carolina state law, including the North Carolina Rules of Civil Procedure, the North Carolina Business Court Rules, and orders of the state court.

Counsel in each action shall serve all discovery and responses requests on all parties by electronic means.

Defendants shall concurrently produce documents responsive to discovery requests to counsel in both the Federal and State Actions

### Deposition Procedures

Deposition testimony given in the Federal or State Action shall be usable in both the Federal and State Actions. As a general rule, a witness may be deposed once within the time limits set forth in this Order. Such deposition shall be noticed in either the Federal or State Action, and shall be deemed to be cross-noticed in the other action. A witness may be noticed once across both actions and, following the deposition, shall not be deposed in the other action unless otherwise agreed to by the parties or authorized by an order of the Court upon a showing of good cause by the party seeking the additional deposition.

**Cooperation and scheduling.** Counsel for the plaintiffs in the Federal and State Actions, counsel for the defendants, and counsel for the deponent

(if applicable) shall cooperate on selecting a mutual convenient date, time, and location for each deposition.

**Content of notice.** The deposition notice shall contain the name, address, and telephone number of an attorney point of contact designated by the party noticing the deposition, as well as a proposed date, time, and location of the deposition. After counsel, through consultation, have arrived on a date and location for a deposition, the noticing party shall serve an amended notice reflecting the agreed upon date and location. Counsel may also consult to determine a date and location for a deposition before issuing an initial notice.

**Disputes.** In accordance with this protocol, any disputes regarding deposition matters shall be resolved pursuant to Section 3 of this protocol.

**Objections.** During depositions, unless otherwise specified, an objection by single defendant shall be deemed an objection by all defendants; similarly, an objection by a single plaintiff shall be deemed an objection by all plaintiffs unless otherwise specified. However, unless otherwise specified, an instruction not to answer by one defendant shall not be deemed an instruction not to answer by all defendants, and an instruction not to answer by one plaintiff shall not be deemed an instruction not to answer by all plaintiffs. All objections during the depositions shall be made

4

in a manner that complies with Federal Rule of Civil Procedure 30(c)(2) and/or North Carolina Rule of Civil Procedure 30(c), as applicable. The phrase "objection to form" or similar language shall be sufficient to preserve all objections to form.

**Transcript and time to review transcript.** Unless waived by the deponent, each deposition transcript shall be submitted to the deponent for correction and signature and shall be corrected and signed within thirty days after the official transcript of the court reporter is made available to counsel for the party defending the deposition. Corrections to a deposition shall be listed on an errata sheet signed by the deponent, and the court reporter shall serve copies of the errata sheet on all parties purchasing the transcript. Should the deponent fail to submit corrections within 30 days, the transcript will be presumed accurate and all parties shall have the right to use the transcript sent to the deponent as if it were final and signed with no corrections needed.

**Use and admissibility of depositions.** This protocol does not cover the admissibility of any deposition at trial. Such determinations shall be made in each proceeding. This protocol does not cover procedures for expert depositions, which the parties will address at a later stage of the proceedings.

## Discovery Dispute Resolution

Prior to any party in the Federal or State Action filing a discovery motion, the parties must first attempt to resolve the dispute in good faith and in accordance with the procedures and requirements outlined in their respective jurisdiction.

For discovery disputes that involve coordinated discovery, in the event that the parties are not able to resolve any disputes that may arise, the parties will present the dispute to the federal court. Through the coordination prescribed in this paragraph, the parties will not engage in duplicative or serial motion practice concerning discovery disputes that involve coordinated discovery across state or federal court, absent good cause shown.

This procedure pertains to disputes arising during the discovery process only, and nothing contained herein shall constitute or be deemed to constitute a waiver of any objection of any party to the admissibility at trial, of any documents, deposition testimony or exhibits, or written discovery responses provided or obtained in accordance with this Order.

## Reservation of Rights

No party waives any jurisdictional rights or obligations with regard to case management, discovery, trial setting, trial, or case resolution by agreeing to coordinate with the Federal or State Action.

**IT IS, THEREFORE, ORDERED,** that the Parties' Joint Motion for Entry of Stipulated Joint Coordination Order [Doc. 84], is hereby **GRANTED**.

Nothing herein modifies any limitations or deadlines as set forth in the Case Management Order previously entered.

**IT IS SO ORDERED**.

Signed: July 1, 2024

Martin Reidinger
Chief United States District Judge