**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:22-cv-114**

|  |  |  |
|---|---|---|
| | **)** | |
| | **)** | |
| | **)** | |
| **IN RE MISSION HEALTH** | **)** | **PROTECTIVE ORDER** |
| **ANTITRUST LITIGATION** | **)** | |
| | **)** | |
| | **)** | |
| | **)** | |

**THIS MATTER** is before the Court on the Parties' Joint Motion for Entry of a Protective Order [Doc. 80].

The Parties seek the entry of a Protective Order to facilitate the orderly and efficient production of documents which are subject to production under the laws of the State of North Carolina and the Federal Rules of Civil Procedure.

The Court finds that the claims in this matter involve the discovery of documents and information of a sensitive and confidential nature, including business, commercial, financial, and trade secret information of the parties or of third parties, such as confidential contracts and documents that include commercially sensitive or competitive information. Discovery may also involve information that contains protected personal health information.

Further, the Court finds that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it may limit the disclosure of such confidential information and proprietary trade secrets for the purpose of protecting that information within the context of discovery required by law. Finally, this Court finds that the Parties have consented to the entry of this Protective Order.

**IT IS THEREFORE ORDERED** that the Parties' Joint Motion for Entry of a Protective Order [Doc. 80], is hereby **GRANTED** and the following Protective Order shall apply to Materials provided by any Producing Person that contain Confidential Information or Highly Confidential Information as those terms are defined herein.

## I. <u>DEFINITIONS</u>

For the purposes of this Order, the following definitions apply:

(a) "Confidential Information" means any Material which contains any "trade secret or other confidential research, development, or commercial information," N.C.G.S. § 1A-1, Rule 26(c)(vii); protected personal information including patients records and other protected personal health information ("Protected Health Information") as that term is defined by the Health Insurance Portability and Accountability Act, 45 C.F.R. Parts 160 and 164; and competitive health care information, as defined in Chapter 131E of the North Carolina General Statutes.

(b)     "Highly Confidential Information" means any Material that if disclosed, other than in accordance with this Order, poses a substantial risk of causing significant competitive injury to the current or future commercial or financial interest of the Producing Person, such as (i) specific cost, rates, reimbursements, pricing, sales, revenue, reimbursement plans, or margin information relating to the Producing Person or a customer of the Producing Person; (ii) specific plans for capacity expansion or reduction; (iii) specific payor contracts and related commercially sensitive negotiations; (iv) specific payor claims data; (v) specific marketing and advertising data or plans that identify specific competitors or customers; or (vi) competitively sensitive or proprietary strategies or policies related to competition.

(c)     "Material" or "Materials" means any document, information, or transcript of testimony that is provided to any Party in connection with the litigation of this action or any copies, excerpts, summaries, or compilations thereof.

(d)     "Producing Person" or "Producing Persons" means any person or entity that provides or has provided Materials (including a Party or a Non-Party to this action or to the State Litigation).

3

(e)  "Receiving Person" means any person or entity (including a Party or a Non-Party to this action or to the State Litigation) that receives Material from a Producing Person.

(f)  "Industry Participant" means any consultant or expert who: (i) works, or has a present plan to work, either as an employee or a consultant in the healthcare industry; and (ii) who negotiates or consults on the negotiations, or has any role in the review or approval of such negotiations, between healthcare providers located in North Carolina, on the one hand, and health insurers, on the other. It is expressly understood that the term "Industry Participant" excludes academics, accountants, behavioral psychologists, economists, IT consultants, statisticians, and attorneys, whose primary role in the industry is testifying or consulting in legal and regulatory proceedings.

(g)  "Party" or "Parties" means a named Party or Parties to this civil action except that under no circumstances shall the terms "Party" or "Parties" be interpreted to mean that any members of a putative class, other than the named representatives as denominated by the Court, may obtain access to any Confidential Information.

4

(h)    The "State Litigation" refers to the civil case captioned *Davis v. HCA Healthcare, Inc.*, Case No. 21-CVS-3276, pending in North Carolina Superior Court.

## II.    DESIGNATION OF MATERIAL

### A.    Designation of Confidential or Highly Confidential Information.

1.    Any Producing Person (including through counsel) may designate all or any part of any Materials as Confidential Information or Highly Confidential Information, to the extent the Producing Person determines, in good faith, that the Materials include Confidential Information or Highly Confidential Information, that such designation is necessary to protect the interests of the Producing Person, including any obligations of the Producing Person to comply with any confidentiality and/or non-disclosure obligations to other Parties and/or non-parties, and that the Material to be designated has been kept confidential by the Producing Person. For designations of Confidential Information or Highly Confidential Information that occur after entry of this Order, the designations shall be made by using the labels as appropriate: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

2.    All transcripts of depositions will be treated as Highly Confidential Information in their entirety for thirty (30) days after the date a copy of the

5

final transcript has been made available to the deponent (or to the deponent's counsel, if applicable) for review. Within five (5) days of receipt of the final transcript, the first Party that noticed the deposition shall arrange for the final transcript to be furnished to the deponent, unless the deponent has arranged to receive a copy of the final transcript directly from the court reporter. At any time during the thirty (30) days following receipt of the final transcript, the deponent or any Party may designate all or any part of the testimony as Confidential Information or Highly Confidential Information. Such designations must be provided in writing by the deponent or by the Party to counsel for the Parties and the deponent (if any). For purposes of this paragraph, a transcript that is available for the deponent to read-and-sign is considered a final transcript.

## B.      Inadvertent Failures to Designate.

3.      The inadvertent production of Materials not designated as Confidential Information or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such Materials. If at any time prior to the trial of this action, a Producing Person discovers or determines that Materials should have been designated as Confidential Information or Highly Confidential Information, it may so designate such Materials by notifying the Parties in writing. The Parties shall

6

thereafter treat the Materials pursuant to the Producing Person's new designation under the terms of this Order, notwithstanding the ability of a Party to challenge this new designation pursuant to the terms of Section III. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

4.     Inadvertent production of any Materials provided by any Producing Person that the Producing Person later determines in good faith should have been withheld from production on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Material"), will not be deemed to waive any privilege or work product protection.

## C.     Clawback and Return of Inadvertently Produced Materials.

5.     Inadvertent productions of any Materials will be subject to the Clawback Mechanism set forth in the Stipulation Regarding Protocol for the Production of Electronically Stored Information ("ESI Protocol," filed at ECF No. 78) and the following provisions:

(a)     The Producing Person may request the return of any Inadvertently Produced Privileged Material via the Clawback Mechanism set forth in the ESI Protocol.  In the event a Party or Parties challenge the

assertion of privilege by a Producing Person of any Material designated as privileged, including any Inadvertently Produced Privileged Material, such motions shall be filed under seal. In no instance shall such motion include the document as to which the assertion of privilege is challenged or refer to its contents.

(b) No Party may assert as a ground for challenging privilege the mere fact of the inadvertent production. Nothing in this Order shall preclude a Party from arguing based on the underlying facts and circumstances that the production of the allegedly Inadvertently Produced Material was not inadvertent or that conduct since production of the allegedly Inadvertently Produced Material constitutes waiver.

(c) If the request for return of an Inadvertently Produced Privileged Material involves redaction of the Material, the redacted version of the Material must be provided within ten (10) business days of the request.

(d) If the request for return of an Inadvertently Produced Privileged Material occurs during the taking of a deposition or shortly before the occurrence of a deposition, the Producing Person's counsel and counsel for the Party or Parties shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this Order. In the event the claim of privilege

is withdrawn or the Court determines the Material not to be subject to a valid claim of privilege, if counsel for the Parties and the Producing Person do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary including a reopening that would have the effect of extending the time limit for a duration of a deposition. Nothing in this Paragraph prohibits counsel from questioning a deponent about the matters set forth in Fed. R. Civ. P. 26(b)(5)(A)(ii) concerning the Material.

(e)     If an expert report or expert's testimony uses Material that a Producing Person identifies as Inadvertently Produced Privileged Material after service of the expert's report or rendition of the expert's testimony, then the Party sponsoring the expert report or expert testimony will, subject to the procedures in this Order, and if necessary, remove any reference to the Inadvertently Produced Privileged Material from the expert's report or expert's testimony and be allowed to substitute other documents or information for the Inadvertently Produced Privileged Material. Neither the expert's report nor the expert's testimony can be stricken in part or in whole on the ground that the expert's report or expert's testimony had previously relied on Inadvertently Produced Privileged Material.  In the event that an expert's report or expert's testimony has relied on Inadvertently Produced

9

Privileged Material, the Parties agree to meet and confer on a schedule to allow the Party propounding an implicated expert report to modify or supplement such expert report within a reasonable period of time.

## III. <u>CHALLENGES TO DESIGNATION OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL INFORMATION</u>

6.    Any Party may challenge any designation by a Producing Person of any Materials as Confidential Information or Highly Confidential Information.  In the event of such a challenge, counsel shall first make a good faith effort to resolve the dispute.  The challenging Party shall initiate the dispute resolution process by providing written notice to the Producing Person of each designation it is challenging and describing the basis for each challenge.  The challenging Party and the Producing Person shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 10 days of the date of service of notice.   In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Person an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  In the absence of a resolution through this meet and confer process, only then may the Party challenging the designation file a motion seeking resolution by the Court.  Any such motion

10

shall specifically identify, and be limited to challenging, those Materials whose confidentiality designations are in dispute. The designated information shall be treated in accordance with its confidentiality designation under this Order until the discovery dispute is resolved or the Court rules on a discovery motion. Nothing in this Order constitutes an admission by any Party that any specific material is Confidential Information or Highly Confidential Information.

7.     Nothing in this Order constitutes an admission by any Party that Confidential Information or Highly Confidential Information disclosed in this action is relevant or admissible. Each Party specifically reserves the right to object to the use or admissibility of any Materials designated as Confidential Information or Highly Confidential Information, in accordance with applicable law.

## IV.    DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION.

8.     Unless otherwise ordered by this Court, Confidential Information or Highly Confidential Information shall not be used or disclosed by any Receiving Party for any purpose whatsoever other than in this litigation or the State Litigation, including any appeals thereof.

### A.     Disclosure of Confidential Information.

11

9. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (a)-(i) of this paragraph. Subject to these requirements, the following categories of persons may be allowed to review Material that contains Confidential Information:

a. <u>Parties</u>. Individual Parties and employees of a Party, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed.

b. <u>The Court</u>. The Court and all persons assisting the Court in this action, including court reporters and members of the Clerk's Office.

c. <u>Plaintiffs' Counsel</u>. Inside and outside counsel acting for the Plaintiffs in this action and associated employees and agents of outside counsel.

d. <u>Defendants' Counsel</u>. Inside and outside counsel acting for the Defendants in this action and associated employees and agents of outside counsel.

e. <u>Consultants and Experts</u>. Consultants, investigators, or experts (whether consulting or testifying experts), including their support staff, engaged by a Party or their outside counsel to assist in the preparation and trial of this action. However, prior to their receipt of Confidential Information, such consultants and experts must execute the acknowledgement contained in Exhibit A.

f. <u>Contractors and Vendors</u>. Outside contractors, professional vendors or service providers (such as copy-service providers, court reporters, and document-management and discovery consultants) retained by any Party to assist in the prosecution or defense of this action

12

or otherwise assist in their retained work.

    g.    <u>Authors, Recipients and Senders</u>. Authors, addressees, and recipients of any particular Materials designated as Confidential Information, solely to the extent that they have previously had lawful access to the particular Materials disclosed or to be disclosed.

    h.    <u>Other Persons</u>. Persons (and their counsel) whom any counsel for Plaintiffs or Defendants believes, in good faith, to have previously had lawful access to any Material designated as Confidential Information, or who were participants in a communication that is designated Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such Confidential Information to which they may have had lawful access or in which they may have participated; provided that, unless and until the person or their counsel confirms that the person had prior lawful access or was a participant, only as much of the Confidential Information may be disclosed as may be necessary to confirm the person's prior lawful access or participation. However, prior to their receipt of Confidential Information, such persons must execute the acknowledgement contained in Exhibit A.

    i.    <u>Testifying Witnesses</u>. During testimony, witnesses who have not previously had access to the Confidential Information, but only upon the condition that counsel presenting the Confidential Information has a good faith basis for presenting the witness with the Confidential Information. The witness, either on the record or through the execution of Exhibit A, shall acknowledge that he or she has been advised of and agrees to abide by the terms of this Protective Order.

## B.   <u>Disclosure of Highly Confidential Information.</u>

10. The parties and counsel for the parties shall not disclose or permit the disclosure of any Highly Confidential Information to any third

person or entity except as set forth in subparagraphs (a)-(i) of this paragraph. Subject to these requirements, the following categories of persons may be allowed to review Material that contains Highly Confidential Information:

    a.    <u>The Court</u>. The Court and all persons assisting the Court in this action, including court reporters and members of the Clerk's Office.

    b.    <u>Plaintiffs' Outside Counsel</u>. Outside counsel acting for the Plaintiffs in this action and associated employees and agents of outside counsel.

    c.    <u>Defendants' Outside Counsel</u>. Outside counsel acting for the Defendants in this action and associated employees and agents of outside counsel.

    d.    <u>Defendants' Designees</u>. The Defendants may designate, subject to such persons having completed the certification contained in Exhibit A, and subject to the approval of the Court, up to three (3) representatives each from the HCA Defendants and the ANC Defendants (together, the "Defendants' Designees") who can have access to Highly Confidential Information. The proposal to designate a designee must be accompanied by a declaration from each proposed designee detailing their responsibilities at Defendants' companies, confirming that they are not involved in competitive decision-making, and confirming that they will not share Highly Confidential Information or relate the substance therein to anyone not approved by the Court. Defendants must share any proposal to designate a designee with Plaintiffs' Outside Counsel before seeking Court approval of the designee. Plaintiffs will have the option to meet and confer with Defendants concerning the designee within five (5) business days of such notification, and may either consent to, oppose, or take no position concerning Defendants' application for Court approval of the designee.

e.   <u>Consultants and Experts</u>. Consultants, investigators, or experts (whether consulting or testifying experts), including their support staff, engaged by a Party or their outside counsel to assist in the preparation and trial of this action. However, prior to their receipt of Highly Confidential Information, such consultants and experts must execute the acknowledgement contained in Exhibit A.

f.   <u>Contractors and Vendors</u>. Outside contractors, professional vendors or service providers (such as copy-service providers, court reporters, and document-management and discovery consultants) retained by any Party to assist in the prosecution or defense of this action or otherwise assist in their retained work.

g.   <u>Authors, Recipients and Senders</u>. Authors, addressees, and recipients of any particular Materials designated as Highly Confidential Information, solely to the extent that they have previously had lawful access to the particular Materials disclosed or to be disclosed.

h.   <u>Other Persons</u>. Persons (and their counsel) whom any counsel for Plaintiffs or Defendants believes, in good faith, to have previously had lawful access to any Material designated as Highly  Confidential Information, or who were participants in a communication  that is designated Highly Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such Highly Confidential Information to which they may have had lawful access or in which they may have participated; provided that, unless and until the person or their counsel confirms that the person had prior lawful access or was a participant, only as much of the Highly Confidential Information may be disclosed as may be necessary to confirm the person's prior lawful access or participation.  However, prior to their receipt of Highly Confidential Information, such persons must execute the acknowledgement contained in Exhibit A.

i.   <u>Testifying Witnesses</u>. During testimony, witnesses who have not previously had access to the Highly Confidential

15

Information but only upon the condition that counsel presenting the Highly Confidential Information has a good faith basis for presenting the witness with the Highly Confidential Information. The witness, either on the record or through the execution of Exhibit A, shall acknowledge that he or she has been advised of and agrees to abide by the terms of this Protective Order.

### C.   <u>General Restrictions.</u>

11.    In addition to the foregoing, in the event that a Party intends to disclose Highly Confidential Information to an Industry Participant, then such Party (the "Notifying Party") shall notify in writing the Producing Person of the identity of the Industry Participant and of its intent to provide the Industry Participant Highly Confidential Information. To the extent that the Producing Person believes it necessary, the Producing Person shall have five (5) business days from the date of such written notice to conduct a "meet and confer" with the Notifying Party during which the Parties shall discuss, among other matters, the materials to be provided to the Industry Participant. If, after the "meet and confer" conference, the Producing Person objects to the provision of Highly Confidential Information to the Industry Participant, either in whole or in part, it must seek an Order from the Court precluding such disclosure within five (5) business days of the "meet and confer" conference. Upon notification of an objection or potential objection, the Notifying Party must not disclose any such Highly Confidential Information to an Industry

16

Participant absent either a ruling from the Court rejecting the challenge of the Producing Person or the passage of five (5) business days following the "meet and confer" conference without notice from the Producing Person that it is seeking an Order from the Court precluding disclosure. Nothing contained in this Order affects or restricts the rights of any Party with respect to its own Materials.

12. To facilitate management of the litigation, the Defendants' Designees, Plaintiffs' in-house or contracted attorneys, and any designated lead Plaintiff may review: (i) all draft pleadings, motions, mediation or settlement statements, and briefing on which the Party will be a signatory; (ii) all draft expert reports prepared on behalf of a Party; (iii) all filed pleadings, motions and briefing, mediation or settlement statements and all served expert reports; and (iv) all attorney work product, including but not limited to oral advice, legal memoranda, and deposition summaries, in unredacted form, that refer to or contain Highly Confidential Information. However, these counsel, Defendant Designees, or lead Plaintiff(s) are not permitted to review any of the underlying Materials designated as Highly Confidential Information that are cited in or referred to in the draft or final pleadings, expert reports, motions or briefing, or attorney work product

17

absent separate permission from the Producing Party that designated those materials as Highly Confidential Information or as permitted under IV.B.10.

### D. <u>Permitted Use in The State Litigation</u>

13.    Nothing contained in this Order prevents the Parties from disclosing or using Confidential Information or Highly Confidential Information in connection with the State Litigation pursuant to the Protective Order entered in the State Litigation.  Prior to such disclosure or use of Confidential Information or Highly Confidential Information, the Defendants must provide to all Producing Persons proof of the entry of such order.

14.    The Parties recognize that the Parties may receive a Request for Production of Documents in the State Litigation requesting the production of Materials received in this matter. The Parties shall be permitted to produce Materials they receive that have been designated Confidential Information or Highly Confidential Information pursuant to this Protective Order on ten (10) days written notice to a Producing Person that such production will occur, provided that before any production, all counsel and all named plaintiffs in the State Litigation have executed an agreement in the form attached as Exhibit B acknowledging that the disclosure of this information is subject to this Protective Order and submitting themselves to the jurisdiction of this Court in the event that the use or disclosure of this information violates the

Protective Order.  This procedure applies to any and all Materials designated pursuant to this Protective Order, deposition transcripts, Rule 26 disclosures of any kind, and documents. Such notice shall be promptly given. If any Producing Person files a written objection and seeks a protective order to such production with this Court prior to the expiration of ten (10) days following a written notice, production shall not occur until the objection has been heard, ruled upon, or otherwise finally resolved.  While that objection remains pending, the Parties shall not use the material subject to the objection in the State Litigation.  Once such Materials have been produced to the plaintiffs in the State Litigation, their use in that case and their confidential status will be governed by the protective order in that case, so long as that order contains protections comparable the protections in this Protective Order, and such other orders as the presiding judge in that case may issue regarding the use of such Materials.

### E.     Disclosure To a Receiving Person Not Authorized to Receive Such Disclosure.

15.    In the event of a disclosure of any Confidential Information or Highly Confidential Information to a Receiving Person not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure shall promptly notify the Producing Person whose Material has been disclosed and provide to such Producing Person

all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed Material or waive the right to maintain the disclosed Material as containing Confidential Information or Highly Confidential Information. Any order of this Court not including subpoenas issued by counsel for the parties requiring the production of any Materials constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

## V. USE OF INFORMATION DESIGNATED AS CONFIDENTIAL OR HIGHLY CONFIDENTIAL IN THIS ACTION

16. Filing with the Court. Any Party or Non-Party that seeks to file Confidential Information or Highly Confidential Information with the Court in any pleading, motion, exhibit, or other paper (a "Filing Party") must file a motion to seal, pursuant to the terms of LCvR 6.1 (a "Sealing Motion"). If a Filing Party files a Sealing Motion that contains a Non-Party's Confidential Information or Highly Confidential, the Filing Party must serve a copy of the Sealing Motion on such Non-Party the same day as the filing.

Until the Court rules on the Sealing Motion, any document that is the basis of the Sealing Motion shall be treated in accordance with its

designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS EYES ONLY" pursuant to this Protective Order.

17.  <u>Disclosure at Trial</u>. Disclosure at trial of any Materials designated
as Confidential Information or Highly Confidential Information will be
governed pursuant to Court order.  The Parties shall meet and confer and
submit a recommended order no later than sixty (60) days before trial,
outlining those procedures.  The parties shall provide a copy of the
recommended order to all Producing Persons who have produced
Confidential Information or Highly Confidential Information that the parties
reasonably anticipate will be utilized at trial.  A Producing Person who
receives such notice shall be permitted to file any counter-recommendations
or objections no later than thirty (30) days before trial and request a hearing.
Absent a ruling from the Court to the contrary, any Material designated as
Confidential Information or Highly Confidential Information that appears on
an exhibit list or in deposition designations, and that is admitted into evidence
at trial, will be disclosed on the public record, and any examination relating
to such Material will likewise be disclosed on the public record, after
compliance with processes established by the Court.

## VI.    PROCEDURES UPON TERMINATION OF THIS ACTION

18.    The obligations imposed by this Protective Order survive the termination of this action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Protective Order, orders otherwise. At the conclusion of litigation, all Confidential Information and Highly Confidential Information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to appeal) returned to the Producing Person or certified as destroyed. The foregoing provision shall not apply if the document has been, without restriction as to disclosure, admitted into evidence at any trial or hearing in this proceeding or otherwise filed with the Court. Notwithstanding the foregoing, counsel shall be permitted to retain copies of work product such as deposition transcripts and exhibits, briefs and other filings, and internal legal memoranda and one complete set of all documents filed with the Court, including those filed under seal.

## VII.    APPLICATION TO NON-PARTIES.

19.    The terms and conditions of this Protective Order shall apply to all Non-Parties (including, but not limited to, natural persons, corporations, partnerships, firms, government agencies, departments or bodies, boards or

associations) who receive lawful discovery requests and/or subpoenas in connection with this action.

20.     Any Party who serves such a request and/or subpoena on a Non-Party shall include a copy of this Protective Order and shall advise the receiving Non-Party that a Protective Order has been entered and that Material produced in response to lawful discovery will be subject to disclosure under the terms and conditions of the Protective Order.  The signing and service of the acknowledgement set forth in Exhibit A by a Non-Party shall entitle the Material produced by the Non-Party that is designated as Confidential Information or Highly Confidential Information to the confidential treatment and protection provided for in this Protective Order.

21.     Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## VIII.  <u>**MISCELLANEOUS PROVISIONS.**</u>

22.     Notices. All notices required or permitted to be provided by this Protective Order shall be made by e-mail.  In the event that notification by e-mail is impractical, a notice shall be made by either: (i) personal hand-delivery of the notice to counsel of record or an unrepresented affected

person; or (ii) sending the notice by a courier for overnight delivery to counsel of record or an unrepresented affected person.

23.    The foregoing is entirely without prejudice to the right of any Party or Non-Party to apply to the Court for any further relief relating to Confidential Information or Highly Confidential Information, or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Protective Order.

24.    Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation.  In rendering advice or otherwise communicating with his or her client, counsel shall not disclose the content of any Confidential Information or Highly Confidential Information where such disclosure would not otherwise be permitted under the terms of this Protective Order.  If any Party or person bound by the terms and conditions of this Protective Order receives a subpoena or other process from any person (including, but not limited to, natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a subject to the terms and conditions of this Protective Order, and if the subpoena or other process seeks the production or other disclosure of

Confidential Information or Highly Confidential Information, the Party or person receiving the subpoena shall notify the Producing Person of the Confidential Information or Highly Confidential Information of the existence of the subpoena or other process. In addition, the Party or person receiving the subpoena or other process shall inform the issuing person that the materials sought are subject to the terms and conditions of this Protective Order and may not be disclosed absent (i) the consent of the source of the Confidential Information or Highly Confidential Information or (ii) a court order issued by a court of competent jurisdiction. The Party or person subject to the subpoena or other process shall not produce or disclose the requested information until the occurrence of one of these two conditions.

25. The parties have further agreed, and this Court finds, that the production by the parties of documents, electronically stored information, emails, or other materials in this matter shall meet the specifications outlined in the agreed upon ESI Protocol (ECF No. 78).

26. The terms of this Protective Order shall be binding upon all current and future parties to this action and their counsel.

**IT IS SO ORDERED.**

Signed: July 1, 2024

Martin Reidinger
Chief United States District Judge

25

## EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], have been

informed that certain documents or information to be disclosed to me have

been designated as confidential or highly confidential pursuant to the

Protective Order issued in the matter entitled *In re Mission Health Antitrust

Litigation*, 22-cv-00114-MR (W.D.N.C.) ("Federal Action"). I have been

informed that any such document or information labeled as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES

ONLY" (or with a similar label) are confidential by the Protective Order

entered in the Federal Action. In exchange for the receipt of this information

I agree to submit myself to the personal jurisdiction of the federal court for

purposes of the enforcement of the Protective Order entered in the Federal

Action, including any alleged violations of the Protective Order. I further

understand and agree with the terms and conditions set forth in the

Protective Order entered in the Federal Action and understand and agree

that I cannot disclose any information contained in such documents or the

documents themselves except as provided for in the Protective Order. I

further understand and agree that a violation of this Protective Order will be

treated as contempt.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**EXHIBIT B**
**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], have been informed that certain documents or information to be disclosed to me in connection with *William Alan Davis, et. al. v. HCA Healthcare, Inc., et. al.*, No. 21-CVS-3276 before the Business Court, County of Buncombe, State of North Carolina have been designated as confidential pursuant to the Protective Order issued in the matter entitled. I have been informed that any such document or information labeled as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" (or with a similar label) are confidential by the Federal Action's Protective Order. In exchange for the receipt of this information I agree to submit myself to the personal jurisdiction of the federal court for purposes of the enforcement of the Federal Action's Protective Order, including any alleged violations of the Protective Order. I further understand and agree with the terms and conditions set forth in the Federal Action's Protective Order and understand and agree that I cannot disclose any information contained in such documents or the documents themselves except as provided for in the Protective Order. I further understand and agree that a violation of this the Federal Action's Protective Order will be treated as contempt.

28

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____