THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-114

|  |  |  |
|---|---|---|
| IN RE MISSION HEALTH ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) | **STIPULATED EXPERT DISCOVERY ORDER** |

**THIS MATTER** is before the Court on the parties' Joint Motion for Entry of Stipulation Regarding Expert Discovery [Doc. 121].

The parties seek the entry of their proposed Stipulation Regarding Expert Discovery [Doc. 121-1] to govern expert discovery in this matter. As grounds, the parties' state that the claims and defenses in this matter will involve detailed and complex analyses that will be crucial for all parties. The parties also state that the proposed stipulation is substantively the same to the expert stipulation entered in the North Carolina Business Court case Davis, et al. v. HCA Healthcare, Inc., et al., 21 CVS 3476 ("State Action"). As such, the parties seek the entry of their proposed stipulation to provide for the orderly and efficient management of expert discovery under the laws of the State of North Carolina and the Federal Rules of Civil Procedure.

Accordingly, for the reasons stated by the parties, and for cause shown,

**IT IS, THEREFORE, ORDERED,** that the parties' Joint Motion for Entry of Stipulation Regarding Expert Discovery [Doc. 121] is **GRANTED**.

**IT IS FURTHER ORDERED** that, notwithstanding Federal Rule of Civil Procedure 26 and any applicable Court Orders, the parties shall:

1. Within three (3) business days of any party serving expert witness reports and/or expert declaration in this litigation pursuant to Federal Rule of Civil Procedure 26(a)(2) or Order by the Court, the party or parties offering the expert witness shall produce the following:

    a. documents containing the facts, data, or assumptions that the expert witness relied on in forming the opinions to be expressed, including, but not limited to, any empirical investigations, statistical correlations, regressions, or other analyses, including, but not limited to, all underlying reports and schedules, performed by or at the direction of the expert witness as well as all documents or other information necessary to reconstruct the expert witness's work, calculations, and/or analyses ("Expert Data");

    b. any computerized models, analyses, or spreadsheets in native format;

    c. electronic copies of any data used in computerized models, analyses, or spreadsheets;

2

d.  any data or programs that are not commonly available and are necessary for recreating any computerized models, analyses, or spreadsheets;

e.  other documents relied upon by the expert witness, such as documents that are identified in the expert witness's report and are publicly available;

f.  if any program, model, or data file is generated using a non-commercially available program or the file format is not readily ascertainable, the producing party shall identify the program used to generate and/or run the subject program, model, or data file. If, despite best efforts, the receiving party cannot practically obtain the software needed to run the subject program, model, or data file, the producing party shall work with the receiving party and use its best efforts to facilitate the receiving party's access to the necessary software; and

g.  Amount compensated.

2. The parties are not required to produce any programs, data, documents, or materials that would require the producing party to infringe upon a license or to otherwise procure a license for the receiving party. If data, documents, or materials relied on by an expert witness is subject to a license, the producing party will identify all such data, documents, or materials and provide the licensor's contact information.

3

3. Where documents have previously been produced as part of discovery, identification by Bates number is sufficient. With respect to deposition transcripts, identification by the name of the deponent, the date(s) of the deposition, and the page and line numbers the expert witness has relied on is sufficient.

4. Notwithstanding the foregoing and the Federal Rules of Civil Procedure, the following types of information shall not be the subject of expert discovery:

   a. The content of communications or work product shared among and between: (i) counsel and the expert and/or the expert's staff; (ii) counsel and any non-testifying expert consultant and/or the consultant's staff; (iii) the expert and other experts or other non-testifying expert consultants; (iv) experts and their staff; (v) non-testifying expert consultants and their staffs; and (vi) the respective staffs of experts or non-testifying expert consultants and the staffs of other experts or non-testifying expert consultants.

   b. Notes, drafts, written communications, or other records of preliminary work and analysis regardless of the form in which they take (e.g., notes, worksheets, outlines, non-final calculations, modeling, and drafts) created by, or for, experts or non-testifying expert consultants, unless they are cited in and/or relied upon in the report.

    c. Documents or other information the expert considered but did not rely upon in forming an opinion.

5. The foregoing exclusions from expert discovery will not apply to any information, communications or documents upon which the expert relies as a basis for his or her opinion. All information, communications or documents upon which the expert relies as a basis for his or her opinion are discoverable.

6. No subpoenas need be served on any testifying expert from whom a party provides a report or declaration. Instead, the proffering party is responsible for producing all discoverable materials and information subject to discovery and will make the expert available for deposition consistent with the applicable Rules of this Court at a time mutually agreed to by the parties and consistent with the Court's scheduling Orders.

**IT IS SO ORDERED**.

Signed: November 25, 2024

Martin Reidinger
Chief United States District Judge